OPINION
{¶ 1} Defendant-appellant, Jody Edwards ("appellant"), appeals from the judgment of the Franklin County Court of Common Pleas granting summary judgment in favor of plaintiff-appellee, THC Piketon ("appellee").
 {¶ 2} Appellee provided medical services to appellant's husband, James Edwards, while he was a resident at a nursing home facility of appellee's. Mr. Edwards is now deceased. The total balance of Mr. Edward's medical care that remained unpaid was $37,355, plus interest. *Page 2 
 {¶ 3} On September 18, 2006, appellee filed the instant action pursuant to R.C. 3103.03, against appellant and Mr. Edwards seeking recovery of the unpaid medical bills. Appellant filed an answer on November 2, 2006. On April 30, 2007, appellee filed a notice of dismissal without prejudice pursuant to Civ.R. 41(A), as to Mr. Edwards. On that same day, appellee filed a motion for summary judgment pursuant to Civ.R. 56. Appellant filed a memorandum contra on May 23, 2007. In her affidavit, appellant stated she is employed at a BP gas station and earns $8 per hour; she lives in a home encumbered by a mortgage; owns two vehicles both with over 100,000 miles; and does not own any other significant assets. Appellant further stated she and Mr. Edwards had been physically separated and living separate and apart for about four to five years prior to the incurrence of the medical expenses at issue. According to appellant's affidavit, during the period of separation, Mr. Edwards abandoned his duties to provide her with any maintenance or support without any just cause.
 {¶ 4} The trial court granted appellee's motion for summary judgment via entry, without a written decision, on June 11, 2007. The trial court's entry rendered judgment against appellant for $37,355, plus interest at the rate of 18 percent per annum from June 25, 2006, plus court costs.
 {¶ 5} Appellant timely appealed and brings the following single assignment of error for our review:
 THE LOWER COURT ERRED IN GRANTING APPELLEE'S MOTION FOR SUMMARY JUDGMENT.
 {¶ 6} This matter was decided in the trial court by summary judgment. Civ.R. 56(C) states that summary judgment shall be rendered forthwith if "the pleadings, *Page 3 
depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."
 {¶ 7} Accordingly, summary judgment is appropriate only where: (1) no genuine issue of material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party. Tokles Son, Inc. v. Midwestern Indemn. Co. (1992),65 Ohio St.3d 621, 629, citing Harless v. Willis Day Warehousing Co.
(1978), 54 Ohio St.2d 64, 65-66. "[T]he moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record * * * which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim." Dresher v. Burt (1996), 75 Ohio St.3d 280,292. Once the moving party meets its initial burden, the nonmovant must then produce competent evidence showing that there is a genuine issue for trial. Id. Summary judgment is a procedural device to terminate litigation, so it must be awarded cautiously with any doubts resolved in favor of the nonmoving party. Murphy v. Reynoldsburg (1992),65 Ohio St.3d 356, 358-59.
 {¶ 8} Appellate review of summary judgments is de novo. Koos v. Cent.Ohio Cellular, Inc. (1994), 94 Ohio App.3d 579, 588; MidwestSpecialties, Inc. v. Firestone Tire Rubber Co. (1988),42 Ohio App.3d 6, 8. We stand in the shoes of the trial court and conduct an independent review of the record. As such, we must affirm the trial court's judgment if any of the grounds raised by the movant at the trial court are found to support *Page 4 
it, even if the trial court failed to consider those grounds. SeeDresher, supra; Coventry Twp. v. Ecker (1995), 101 Ohio App.3d 38,41-42.
 {¶ 9} As previously indicated, appellee's claim is premised on R.C.3103.03, which provides, in relevant part:
 (A) Each married person must support the person's self and spouse out of the person's property or by the person's labor. If a married person is unable to do so, the spouse of the married person must assist in the support so far as the spouse is able. The biological or adoptive parent of a minor child must support the parent's minor children out of the parent's property or by the parent's labor.
 * * *
 (C) If a married person neglects to support the person's spouse in accordance with this section, any other person, in good faith, may supply the spouse with necessaries for the support of the spouse and recover the reasonable value of the necessaries supplied from the married person who neglected to support the spouse unless the spouse abandons that person without cause.
 {¶ 10} It has been held that a spouse may be liable under R.C. 3103.03
for the cost of medical care furnished to the other spouse. Cent. OhioNeurological Surgeons, Inc. v. Rose (Sept. 11, 1997), Franklin App. No. 96AP-1611. In order to find a spouse liable for the other spouse's medical bills, under R.C. 3103.03, it must be shown that the patient-spouse is unable to pay the medical bills; and, if so, that the non-patient spouse is able to pay. Id. Additionally, the statute removes liability if the non-patient spouse has been abandoned by the other spouse without cause. Edwin Shaw Hosp. v. Mulloy (May 10, 1995), Summit App. No. 16723.
 {¶ 11} The affidavit submitted by appellant states that: (1) she was abandoned by her husband four to five years before the debt was incurred; (2) her husband did not *Page 5 
support her; (3) she makes $8 per hour; and (4) she has no significant assets. Regardless of whether or not appellee met its initial burden under Civ.R. 56, appellant's affidavit constitutes competent evidence and creates a genuine issue of material fact as to whether or not she was abandoned by her husband without cause, and whether she has the ability to pay the debt at issue.
 {¶ 12} Appellee suggests that appellant's memorandum contra and supporting affidavit should not be considered or included in the record because they were served outside the time limits set forth in the applicable civil and local rules. According to appellee, its motion for summary judgment was served on April 30, 2007; therefore, appellant's memorandum contra was required to be served no later than May 17, 2007. While appellee concedes the memorandum contra was served on May 18, 2007, it appears to not have been filed in the trial court until May 23, 2007. However, the record contains no objection or motion to strike the memorandum contra and accompanying affidavit. Further, the trial court clearly appears to have accepted the memorandum contra and affidavit as the record is void of any action by the trial court to strike the subject memorandum. As such, the trial court implicitly gave leave to file the same. Meyer v. Wabash Alloys, L.L.C., Cuyahoga App. No. 80884, 2003-Ohio-4400. Therefore, the memorandum contra and affidavit are part of the record before us.
 {¶ 13} In view of the evidence in the record as it currently stands, and construing it most favorably for the non-moving party, there exists a genuine issue of material fact as to whether appellant is liable under R.C. 3103.03, for the medical expenses incurred by her husband. Because we find that a genuine issue of material fact exists, we conclude *Page 6 
the trial court erred in granting appellee's motion for summary judgment. Accordingly, we sustain appellant's single assignment of error.
 {¶ 14} For the foregoing reasons, appellant's sole assignment of error is sustained, and the judgment of the Franklin County Court of Common Pleas is hereby reversed, and this matter is remanded to that court for further proceedings in accordance with law and consistent with this opinion.
Judgment reversed; cause remanded.
 BROWN and FRENCH, JJ., concur. *Page 1