[Cite as *Ramsey v. Ramsey*, 2012-Ohio-1715.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| SHARON D. RAMSEY | | C.A. No. 25810 |
| | | |
| Appellant | | |
| | | |
| v. | | APPEAL FROM JUDGMENT |
| | | ENTERED IN THE |
| STEVEN R. RAMSEY | | COURT OF COMMON PLEAS |
| | | COUNTY OF SUMMIT, OHIO |
| Appellee | | CASE No. 2006-12-4123 |

DECISION AND JOURNAL ENTRY

Dated: April 18, 2012

CARR, Presiding Judge.

{¶1} Appellant, Sharon Ramsey, appeals the judgment of the Summit County Court of Common Pleas, Domestic Relations Division. This Court reverses.

I.

{¶2} During the course of their marriage, Sharon and Steven Ramsey established 529 Plan college investment accounts for each of their four daughters. Steven was the account holder for each of those accounts. When the Ramseys subsequently divorced in 2008, the domestic relations court ordered the division of various categories of property, including, but not limited to, household goods, specific pieces of real estate, stocks, checking accounts, investment accounts at Edward Jones, and individual retirement accounts. The provision addressing the division of the parties' investment accounts at Edward Jones was specifically limited to the Rayden Investments accounts identified in Exhibit C, attached to and incorporated into the

divorce decree.  Exhibit C listed many other accounts, including other accounts at Edward Jones, most of which were divided under separate provisions of the divorce decree.

{¶3}    Matters involving the children, however, were addressed in the parties' shared parenting plan which was attached to the divorce decree and incorporated therein.  Article 14 of the shared parenting plan addressed post-secondary educational costs for the parties' four daughters, including matters involving the four 529 Plan college investment accounts at Edward Jones.   Pursuant to Article 14 of the shared parenting plan, Steven would remain the "owner/custodian" of these accounts for two of the daughters (Victoria and Chelsea), and he would transfer "ownership" of the other two accounts (for Brittany and Alanna) to Sharon as "owner/custodian."  These accounts were to be used solely for post-secondary educational costs unless Sharon and Steven expressly otherwise agreed in writing and only as permitted under the terms of the investment accounts.

{¶4}    Article 14 included many other specific provisions and restrictions relating to the use and oversight of the 529 Plan accounts.   Of relevant importance were the following provisions:

> Neither party shall use these funds/accounts in any way to manipulate the children in any fashion.
>
> ***
>
> Each party shall submit allowable 529 expenses for school purposes to the other party for approval by certified mail.  The other party shall have seven (7) days to respond or agree thereto.  In the event there is no response/agreement then the submitting party shall file a Motion, Affidavit and Order with this Court, together with documentation demonstrating that these are legitimate 529 expenses, proof of submission to the other party by certified mail, and in that event, the Court may approve same *without a hearing*.  (Emphasis added.)
>
> Neither party shall withdraw any funds without the prior written consent of the other party or a Court Order as set forth above.

In the event unauthorized withdrawals are made from these accounts, then the Court shall issue an Order transferring ownership to the other party *after a hearing* on the matter. The Court shall order reimbursement of any unauthorized withdrawals from the account. (Emphasis added.)

\*\*\*

The Summit County Domestic Relations Court shall retain jurisdiction over these accounts.

{¶5} On September 17, 2010, Steven filed a motion for approval of 529 Plan expenses for the child Brittany. Pursuant to Article 14 of the parties' shared parenting plan, he submitted a motion, affidavit, documentation demonstrating legitimate 529 expenses, and proof that he had sent proof of 529 expenses to Sharon by certified mail more than seven days earlier. It is unknown whether Steven presented the trial court with a proposed order, but the record demonstrates that the domestic relations court did not issue an order on his September 17, 2010 motion.

{¶6} On January 12, 2011, Steven filed an emergency motion for approval of 529 Plan expenses and a motion for transfer of 529 Plan accounts from Sharon to him. In the motion, he referenced his September motion for approval of 529 Plan expenses along with his submission of relevant documentation, and noted that the magistrate who addressed the matter indicated that the child Brittany should contact her mother directly regarding payment of the child's college expenses. Steven's motion also stated that the magistrate further indicated that she would entertain a motion to transfer Brittany's 529 Plan account to Steven's control "in the event there was a problem getting the college expenses paid[.]" Steven alleged that Sharon was refusing to pay Brittany's current tuition bill as a means of attempting to manipulate the child. Steven attached copies of emails between Sharon and Brittany and Sharon and himself, as well as his affidavit. Steven requested an order directing the immediate payment of Brittany's tuition bill

and an order immediately transferring the 529 Plan accounts for Brittany and Alanna from Sharon to Steven.

{¶7} On January 19, 2011, without a hearing and without waiting for a response from Sharon, the domestic relations court issued an order solely "[u]pon Motion and Affidavit of [Steven]," directing that Brittany's current tuition be paid immediately from the 529 Plan funds set aside for her. The trial court further ordered that the 529 Plan accounts for Brittany and Alanna, which were then under Sharon's control, be transferred immediately to Steven's control. Sharon filed a timely appeal in which she raises one assignment of error for review.

II.

**ASSIGNMENT OF ERROR**

THE TRIAL COURT ERRED AS A MATTER OF LAW BY MODIFYING A PROPERTY DIVISION SET FORTH IN ITS PRIOR DECREE OVER WHICH IT HAD NO JURISDICTION AND DOING SO WITHOUT DUE PROCESS OF LAW.

{¶8} Sharon makes two distinct arguments in her sole assignment of error. This Court addresses them in turn.

{¶9} Sharon first argues that the domestic relations court erred by ordering the transfer of the 529 Plan accounts in her control to Steven's control because such an order constituted a post-decree modification of the division of the parties' property, which the trial court had no jurisdiction to make.

{¶10} R.C. 3105.171(B) addresses the division of marital and separate property in divorce proceedings, and requires the domestic relations court to divide such property equitably between the spouses. R.C. 3105.171(I) provides that "[a] division or disbursement of property or a distributive award made under this section is not subject to future modification by the court except upon the express written consent or agreement to the modification by both spouses." This

Court has held that the domestic relations court retains no jurisdiction to order a post-decree modification of the division of the spouses' property. *Helmstedter v. Helmstedter*, 9th Dist. No. 24237, 2009-Ohio-3559, ¶ 11. Accordingly, if the 529 Plan accounts were divided as part of the parties' division of property, then the trial court retained no jurisdiction to modify that division notwithstanding any statement to the contrary that it retained jurisdiction.

{¶11} In this case, the divorce decree ordered the division of the parties' property, including real estate, household goods, motor vehicles, and various financial accounts. While the domestic relations court divided the parties' property interests in stocks, checking and savings accounts, individual retirement accounts, and the Rayden Investments accounts at Edward Jones, it did not address the 529 Plan accounts in its property division. Instead, the 529 Plan accounts are only addressed as part of the parties' shared parenting plan. R.C. 3109.04(E)(2)(b) clearly authorizes the trial court to modify the terms of a shared parenting plan upon its own motion or upon request of one or both parents.

{¶12} A plain reading of the provisions in the decree addressing the division of the parties' property indicates that the domestic relations court did not divide the 529 Plan accounts as part of the marital or separate property. Instead, the parties and trial court appeared to have regarded those accounts as the property of the children, merely held by Steven or Sharon in their names but for the benefit of the children for post-secondary educational costs. This is evidenced by the numerous restrictions on the parents' use or release of funds in the accounts. In addition, pursuant to Article 14 of the shared parenting plan, the parent-owner/custodian of each plan was required to turn over any balance remaining in the accounts to the child for whose benefit the account was established upon the child's attainment of the age of 25 if the child had completed at least a four-year college degree. Because the court and the parties themselves appeared to have

regarded the funds in the 529 Plan accounts as something other than marital or separate property to be divided pursuant to R.C. 3105.171, the domestic relations court's post-decree order regarding the accounts was not precluded by a jurisdictional bar. Accordingly, Sharon's argument that the trial court lacked jurisdiction pursuant to R.C. 3105.171(I) is not well taken.

{¶13} Sharon next argues that the domestic relations court violated her right to due process when it transferred the 529 Plan accounts under her control to Steven's control without a hearing.

{¶14} By the plain language of Article 14 of the parties' shared parenting plan, the domestic relations court was authorized to take one action without a hearing. Specifically, in the event that one parent failed to respond or agree within seven days of receipt of a request by certified mail for approval of 529 expenses for school purposes, the trial court may approve the expenses without a hearing. In contrast, Article 14 further addressed the sole grounds for ordering the transfer of ownership of a 529 Plan account from one parent to the other. Specifically, where the controlling parent made an unauthorized withdrawal from an account, the trial court was obligated to order the transfer of ownership of the account to the other parent, but only "after a hearing on the matter." Accordingly, where one party moved the trial court for a transfer of ownership of a 529 Plan account, the trial court was obligated to hold a hearing to determine whether there had been an unauthorized withdrawal from the account. Because the domestic relations court failed to hold a hearing before transferring ownership of the 529 Plan accounts, as required by the parties' agreement, it deprived Sharon of the due process for which the parties had bargained.

{¶15} Sharon's sole assignment of error is sustained.

III.

{¶16} Sharon's assignment of error is sustained. The judgment of the Summit County Court of Common Pleas, Domestic Relations Division, is reversed and the cause remanded for further proceedings consistent with this opinion.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

DONNA J. CARR
FOR THE COURT

MOORE, J.
DICKINSON, J.
CONCUR.

APPEARANCES:

DEAN S. HOOVER, Attorney at Law, for Appellant.

DREAMA ANDERSON, Attorney at Law, for Appellee.