[Cite as *Ramsey v. Ramsey*, 2014-Ohio-1921.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Kristin June Ramsey, | : | |
| Plaintiff-Appellee, | : | No. 13AP-840 |
| | | (C.P.C. No. 08 DR 3858) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| James Ray Ramsey, | : | |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on May 6, 2014

*Friedman & Mirman Co., LPA, Scott N. Friedman* and *Elizabeth A. Johnson*, for appellee.

*James R. Ramsey*, pro se.

APPEAL from the Franklin County Court of Common Pleas,
Division of Domestic Relations

LUPER SCHUSTER, J.

{¶ 1} Defendant-appellant, James R. Ramsey, appeals from a judgment entry of the Franklin County Court of Common Pleas, Division of Domestic Relations, granting the post-decree motion for modification of parental rights and responsibilities of plaintiff-appellee, Kristin Ramsey (n.k.a. Montgomery). Because the trial court did not err in granting appellee's motion for modification and in awarding appellee attorney fees, we affirm.

## I. Facts and Procedural History

{¶ 2} Appellant and appellee were married and divorced twice. As part of their January 29, 2009 decree of divorce, the parties entered into an agreed shared parenting plan for their minor daughter born on September 26, 1996.

{¶ 3} On April 22, 2011, appellee filed a post-decree motion to modify the shared parenting plan. The trial court appointed a guardian ad litem ("GAL") for the minor child. On February 14, 2012, appellant filed a motion for a continuance in conjunction with a motion requesting the removal of the GAL and a motion for psychological evaluations of the parties. Following a February 17, 2012 hearing, the magistrate denied and dismissed all three of appellant's motions in an order dated February 22, 2012.

{¶ 4} Also on February 22, 2012, the trial commenced on the various underlying motions. Testimony continued February 23 and 29, and March 1, 21, and 22, 2012 before the magistrate. On March 23, 2012, the magistrate conducted an in camera interview of the minor child. The GAL filed a preliminary report on February 13, 2012 and a second report and recommendation on February 22, 2012.

{¶ 5} On March 2, 2012, after the trial had commenced, defendant filed a motion to set aside the magistrate's February 22, 2012 order denying his motions for removal of the GAL and for psychological evaluations. Both parties submitted proposed findings of fact and conclusions of law on May 7, 2012.

{¶ 6} On June 27, 2012, appellant's counsel filed a motion to withdraw as counsel of record, and the trial court approved his request in a June 29, 2012 judgment entry. Since that time, appellant has proceeded in this action pro se.

{¶ 7} The magistrate issued a final decision on August 2, 2012 which granted appellee's motion to modify the shared parenting plan, denied appellee's motion to reallocate the GAL fees, denied both parties' motions for attorney fees, and denied appellee's motion for Civ.R. 11 sanctions. The trial court adopted the magistrate's final decision through a judgment entry dated August 6, 2012.

{¶ 8} On September 4, 2012, appellant filed objections to the magistrate's decision after the expiration of the 14-day time limit in Civ.R. 53(D)(3)(b)(i). The following day, September 5, 2012, appellant filed a notice of appeal with this court appealing the trial court's August 6, 2012 judgment entry. This court ultimately dismissed that appeal by journal entry dated April 8, 2013 as not being ripe for consideration due to the pending objections in the trial court. (Case No. 12AP-775.)

{¶ 9} In response, appellee filed an October 3, 2012 motion to dismiss appellant's objections to the magistrate's decision as untimely, as well as a motion for attorney fees.

Appellant then filed amended objections to the magistrate's decision on October 30, 2012, and filed a transcript of the proceedings before the magistrate on November 5, 2012 without obtaining leave of court for either of those untimely filings. He also filed a transcript of the in camera interview of the minor child on November 6, 2012.

{¶ 10} Appellant proceeded to file various motions, including a motion for contempt against appellee, a motion to add the former GAL as a party, a motion to compel discovery, a motion for attorney fees, and motions to strike various items from the record. On November 15, 2012, the trial court appointed a new GAL in response to appellant's motion for dismissal of the first GAL.

{¶ 11} Appellee also filed various motions, including a motion to modify the child support and tax dependency exemption provisions of the shared parenting plan, a motion for contempt against appellant, a motion for attorney fees, and motions to compel discovery.

{¶ 12} On May 20, 2013, the newly appointed GAL filed a report recommending the allocation of parental rights and responsibilities from the August 6, 2012 entry and decision be approved. Following a May 29, 2013 hearing, the trial court overruled appellant's objections and upheld the magistrate's decision modifying the shared parenting plan, journalizing its decision on August 23, 2013. In that same judgment entry, the trial court granted appellee's motion for attorney fees, ordering appellant to pay $650.00 per month for 30 months. Appellant timely appeals.

{¶ 13} After appellant filed his notice of appeal with this court, the parties have continued to file various motions in the trial court. In particular, appellant filed an October 9, 2013 motion for recusal or disqualification of the magistrate, followed by an amended motion for recusal or disqualification on October 30, 2013. The parties agree that appellant also filed a Civ.R. 60(B) motion for relief from judgment based upon alleged ex parte communications between the magistrate and the first GAL, but that motion is not part of the record before us. As a result of these various motions, the trial court determined at a November 5, 2013 hearing that all Franklin County domestic relations magistrates and judges should be recused, and the trial court assigned a visiting judge to the case going forward.

## II. Assignments of Error

{¶ 14} Appellant assigns the following errors for our review:

[1.] The trial judge failed to perform a de novo review of the magistrate's decision.

[2.] The trial magistrate based her ruling on ex parte communications.

[3.] The trial court failed to address appellant's amended objections.

[4.] The trial court improperly applied R.C. 3109.04(E)(2)(b).

[5.] The trial court failed to properly apply the best interest test required by R.C. 3109.04(F)(1).

[6.] The trial court's attorney fee award is not properly based on case record.

[7.] The trial court abused its discretion when it overruled appellant's motion to remove the GAL.

[8.] The trial court abused its discretion when it modified the 529 plan provision of the parties' SPP.

[9.] The trial court engaged in a pattern of conduct which denied appellant's right to due process.

## III. First Assignment of Error – De Novo Review of Magistrate's Decision

{¶ 15} In his first assignment of error, appellant contends the trial court erred when it failed to conduct a de novo review of the magistrate's findings of fact and conclusions of law. More specifically, appellant argues the trial court did not review the transcript of the proceedings before the magistrate.

{¶ 16} In reviewing objections to a magistrate's decision, the trial court has the ultimate authority and responsibility over the magistrate's findings and rulings. *Sweeney v. Sweeney*, 10th Dist. No. 06AP-251, 2006-Ohio-6988, ¶ 13, quoting *Hartt v. Munobe*, 67 Ohio St.3d 3, 5-6 (1993). The trial court must undertake an independent review of the magistrate's report to determine any errors. *Hartt* at 5-6, citing *Normandy Place Assoc. v. Beyer*, 2 Ohio St.3d 102 (1982), paragraph two of the syllabus.

{¶ 17} When reviewing a magistrate's decision, the trial court does not sit in the position of an appellate court. *Sweeney* at ¶ 14, citing *Wolff v. Kreiger*, 48 Ohio App.2d 153, 155-56 (8th Dist.1976). Instead, the trial court must conduct a de novo review of the facts and conclusions in the magistrate's decision. *Id.*, citing *DeSantis v. Soller*, 70 Ohio App.3d 226, 232 (10th Dist.1990). As the ultimate finder of fact, the trial court must make its own factual determinations through an independent analysis and should not adopt the magistrate's findings unless the trial court fully agrees with them. *Id.*, citing *DeSantis* at 232. It is the trial court's obligation to determine whether the magistrate properly determined the facts and applied the appropriate law. If the trial court determines, in its judgment, the magistrate has failed to do so, the trial court must substitute its judgment for that of the magistrate. *Id.*, citing *Coronet Ins. Co. v. Richards*, 76 Ohio App.3d 578, 585 (10th Dist.1991).

{¶ 18} Civ.R. 53(D)(3)(b)(i) provides that "[a] party may file written objections to a magistrate's decision within fourteen days of the filing of the decision, whether or not the court has adopted the decision during that fourteen-day period as permitted by Civ.R. 53(D)(4)(e)(i)." If a party objects to a factual finding, whether or not it is specifically designated as a finding of fact under Civ.R. 53(D)(3)(a)(ii), the objection "shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that finding or an affidavit of that evidence if a transcript is not available." Civ.R. 53(D)(3)(b)(iii). In the absence of both a transcript and an affidavit, the trial court must accept the magistrate's findings of fact and may only examine the legal conclusions drawn from those facts. *Ross v. Cockburn*, 10th Dist. No. 07AP-967, 2008-Ohio-3522, ¶ 5, citing *Forth v. Gerth*, 10th Dist. No. 05AP-576, 2005-Ohio-6619, ¶ 9, quoting *Carter v. Le*, 10th Dist. No. 05AP-173, 2005-Ohio-6209, ¶ 11.

{¶ 19} It is undisputed that appellant did not timely file either his objections or the transcript of proceedings in support of his objections under Civ.R. 53. Appellee argues that because appellant did not obtain leave of court to file these items past the 14-day deadline, the trial court should have dismissed appellant's objections. If it did not dismiss appellant's objections, appellee argues the trial court nonetheless was not required to review the transcript filed well outside the time limit in Civ.R. 53.

### A. Untimely Objections

{¶ 20} A court is not required to address untimely objections. *Tomety v. Dynamic Auto Serv.*, 10th Dist. No. 09AP-982, 2010-Ohio-3699, ¶ 13. If a party fails to file written objections within the requisite 14 days but files objections after the expiration of the 14-day period and before the court's entering final judgment, the court may consider the objections sua sponte, and such consideration will be construed as the granting of leave to file late objections pursuant to Civ.R. 6(B). *Patrick v. Ressler,* 10th Dist. No. 04AP-149, 2005-Ohio-4971, ¶ 21, citing *Baker v. Baker*, 68 Ohio App.3d 402, 405 (6th Dist.1990).

{¶ 21} Here, the trial court stated in its judgment entry that appellant's objections "should be dismissed for failure to timely file his objections * * * as well as for failure to file a transcript of the proceedings." (R. 546, at 2.) Rather than dismissing appellant's objections on that basis, however, the trial court decided that "in the interests of justice" it would "address [appellant's] objections on their merits." (R. 546, at 2.) We construe the trial court's decision to consider appellant's untimely objections "in the interests of justice" as the trial court implicitly granting leave to file outside the time constraints of Civ.R. 53. *See, e.g.*, *THC Piketon v. Edwards*, 10th Dist. No. 07AP-554, 2007-Ohio-6601, ¶ 12. The trial court acted within its considerable discretion in considering appellant's untimely objections sua sponte. We must nonetheless determine, however, whether the trial court abused its discretion in sua sponte considering appellant's untimely objections without also sua sponte considering the untimely filed transcript in support of those objections.

### B. Untimely Transcript

{¶ 22} The trial court noted that appellant untimely filed his objections and further noted appellant "failed to file a transcript of the proceedings before the Magistrate." (R. 546, at 2.) Appellant did in fact file the transcript on November 5, 2012, approximately two months after he filed his objections.

{¶ 23} Ordinarily, a trial court must consider a submitted transcript before ruling on objections to a magistrate's decision. *Perry v. Joseph*, 10th Dist. No. 07AP-359, 2008-Ohio-1107, ¶ 20, citing *State v. Daskalov-DeBlanco*, 10th Dist. No. 96APA04-529 (Nov. 21, 1996). *See also Lassiter v. Lassiter*, 1st Dist. No. C-020494, 2003-Ohio-2333, ¶ 9 (noting "courts have held that a trial court abuses its discretion in ruling on objections

involving factual determinations without reviewing the transcript of the hearings before the magistrate"). While nothing in Civ.R. 53 prohibits or otherwise limits the trial court's ability to sua sponte consider an untimely filed transcript, nothing in Civ.R. 53 requires a trial court to consider an untimely filed transcript even where it sua sponte considers untimely filed objections. *See Tewalt v. Peacock*, 3d Dist. No. 17-10-18, 2011-Ohio-1726, ¶ 26. The trial court has broad discretion in considering objections and transcripts filed outside the time limits set forth in Civ.R. 53; accordingly, we cannot say the trial court here abused its discretion in considering and ruling upon appellant's objections without considering the untimely transcript, especially where the trial court expressly noted the objections centered on the application of the statute. It was within the trial court's discretion to consider and rule upon appellant's objections without reviewing the untimely transcript of proceedings, and the trial court did not abuse its discretion by basing its ruling solely on the magistrate's decision. *H.L.S. Bonding Co. v. Fox*, 10th Dist. No. 03AP-150, 2004-Ohio-547, ¶ 12. Accordingly, appellant's argument that the trial court did not conduct a de novo review of the proceedings before the magistrate is without merit.

{¶ 24} We overrule appellant's first assignment of error.

## IV. Second Assignment of Error – Ex Parte Communications

{¶ 25} Appellant argues in his second assignment of error the trial court erred in adopting the magistrate's decision because the magistrate based that decision on ex parte communications. Both parties agree appellant's second assignment of error is the subject of a pending Civ.R. 60(B) motion in the trial court, and, as such, it is not appropriate for our review at this time. We overrule appellant's second assignment of error.

## V. Third Assignment of Error – Amended Objections

{¶ 26} In his third assignment of error, appellant argues the trial court failed to address appellant's amended objections to the magistrate's decision. Appellant filed his amended objections on October 30, 2012, more than two months after the magistrate's decision and well outside the time constraints of Civ.R. 53(D)(3)(b)(i). Though appellant did not seek leave of court for the untimely filing of his supplemental objections, appellant now argues the trial court's failure to rule on his amended objections renders the trial court's judgment incomplete and asserts it is thus not a final appealable order.

{¶ 27} As we have already explained in our discussion of appellant's first assignment of error, the trial court is not required to address untimely objections to a magistrate's decision. *Tomety* at ¶ 13. Although the trial court did not explicitly state it was refusing to consider appellant's amended objections as untimely, Civ.R. 53(D)(4)(d) requires only that the trial court rule on timely filed objections. While a trial court cannot implicitly deny timely filed objections, there are no such restrictions on untimely filed objections. *In re A.V.*, 10th Dist. No. 12AP-300, 2012-Ohio-6162, ¶ 9. *See also In re K.L.S.*, 11th Dist. No. 2011-T-0077, 2012-Ohio-2563, ¶ 36 (finding no error in the trial court implicitly denying the appellant's untimely request for findings from the magistrate's decision). Thus, the trial court did not err in failing to consider appellant's untimely filed supplemental objections.

{¶ 28} We overrule appellant's third assignment of error.

## VI. Fourth Assignment of Error - Trial Court's Application of R.C. 3109.04(E)

{¶ 29} In his fourth assignment of error, appellant asserts the trial court misconstrued R.C. 3109.04(E) as it applies to this case. More specifically, appellant argues the trial court should not have applied the "best interest of the child" standard in R.C. 3109.04(E)(2)(b) and, instead, should have made a finding of a "change in circumstances" under R.C. 3109.04(E)(1)(a) before it modified the parties' shared parenting plan. The question of whether the trial court correctly interpreted and applied a statute is a question of law, and we review it de novo. *State v. Willig*, 10th Dist. No. 09AP-925, 2010-Ohio-2560, ¶ 14.

{¶ 30} Divorce and ancillary custody actions are purely matters of statute. *Hanna v. Hanna*, 177 Ohio App.3d 233, 2008-Ohio-3523, ¶ 9 (10th Dist.). In reviewing statutes, we are required " 'to give effect to the words used and not to insert words not used.' " *In re James*, 113 Ohio St.3d 420, 2007-Ohio-2335, ¶ 13, quoting *State ex rel. Richard v. Bd. of Trustees of Police & Firemen's Disability & Pension Fund*, 69 Ohio St.3d 409, 412 (1994).

{¶ 31} R.C. 3109.04(E) governs the post-decree modification of parental rights and responsibilities. Under R.C. 3109.04(E)(1)(a), the court may not modify "a prior decree allocating parental rights and responsibilities unless it finds, based on facts that have arisen since the time of the decree or were unknown to it at that time, not only that a

change has occurred in circumstances of the child, the child's residential parent, or either parent subject to a shared-parenting decree, but also that the modification of the prior custody decree is necessary to serve the best interest of the child." *James*, at paragraph one of the syllabus. Further, R.C. 3109.04(E)(2)(b) provides the court "may modify the terms of the plan for shared parenting approved by the court and incorporated by it into the shared parenting decree upon its own motion at any time if the court determines that the modifications are in the best interest of the children or upon the request of one or both of the parents under the decree," and the court "shall not make any modification to the plan under this division, unless the modification is in the best interest of the children."

{¶ 32} Here, appellant argues the trial court incorrectly applied R.C. 3109.04(E) when it granted appellee's motion to modify the shared parenting plan. In modifying the amount of parenting time allocated in the shared parenting plan, the trial court agreed with the magistrate that the amount of parenting time is a "term" of a shared parenting plan subject to modification under R.C. 3109.04(E)(2)(b). Appellant asserts that allocation of parental time is such a basic and fundamental "parental right and responsibility" that it is subject to modification only under R.C. 3109.04(E)(1)(a). Under the original shared parenting plan, the parties had equal parenting time, whereas under the trial court's modification to the shared parenting plan, appellant receives only one-third of the total parenting time. According to appellant, this modification is so significant as to require the change of circumstances test contemplated in R.C. 3109.04(E)(1)(a).

{¶ 33} In its decision in *Fisher v. Hasenjager*, 116 Ohio St.3d 53, 2007-Ohio-5589, the Supreme Court of Ohio considered the meaning of "parental rights and responsibilities" as it is used in R.C. 3109.04. In *Fisher*, the Supreme Court determined "parental rights and responsibilities reside in the party or parties who have the right to the ultimate legal and physical control of a child." *Id.* at ¶ 22. Thus, "[w]hen a court designates a residential parent and legal custodian, the court is allocating parental rights and responsibilities" and must use the "change in circumstances" test from R.C. 3109.04(E)(1)(a). *Id.* at ¶ 23.

{¶ 34} Based on *Fisher*, the trial court concluded R.C. 3109.04(E)(1)(a) only controls when the court modifies the designation of residential parent and legal

custodian. Appellant contends that while the designation of residential parent and legal custodian falls under R.C. 3109.04(E)(1)(a), the statute is not limited to only that designation and, even if it is so limited, the reduction in his parenting time is an effective change in the designation of residential parent and legal custodian.

{¶ 35} We do not agree with appellant's interpretation of *Fisher* and R.C. 3109.04(E). The Supreme Court in *Fisher* explained, "custody" is not limited to one parent, but " 'resides in the party or parties who have the right to ultimate legal and physical control of a child.' " *Id.* at ¶ 22, quoting *In re Gibson*, 61 Ohio St.3d 168, 171 (1991). In a shared parenting situation, both parents are the residential parents and legal custodians, and both parents "share all or some of the aspects of the physical and legal care of the child in accordance with the approved plan for shared parenting." *Id.* at ¶ 24, citing *Braatz v. Braatz*, 85 Ohio St.3d 40, 44 (1999). The Supreme Court then explained the distinction between a shared parenting "plan" and a shared parenting "order," noting that the "designation of residential parent and legal custodian can be modified under R.C. 3109.04(E)(1)(a)" but that modifications under R.C. 3109.04(E)(2)(b) are for "terms of a shared-parenting plan." *Id.* at ¶ 27. A "plan" provides for the implementation of the court's shared parenting order. *Id.* at ¶ 30.

{¶ 36} The "terms" of a shared parenting plan include " 'provisions covering all factors that are relevant to the care of the children, including, but not limited to, provisions covering factors such as physical living arrangements, child support obligations, provision for the children's medical or dental care, school placement, and the parent with which the children will be physically located during legal holidays, school holidays, and other days of special importance.' " *Id.* at ¶ 28, quoting R.C. 3109.04(G). Thus, as the trial court noted, the change to the amount of time the minor daughter will be physically located with defendant is a modification to a "term" of a shared parenting plan, and thus fell under R.C. 3109.04(E)(2)(b) and did not require a finding that a change of circumstances had occurred. Even though the minor child may spend more time with appellee under the modification, both parents retain their joint designation of residential parent and legal custodian.

{¶ 37} While our court has never addressed the issue of whether a reduction in parenting time under a shared parenting plan requires a finding of a change in

circumstances, appellant relies on the Ninth District's decision in *Gunderman v. Gunderman*, 9th Dist. No. 08CA0067-M, 2009-Ohio-3787, which held that, even in light of *Fisher*, "a request for a change in parenting time is a request to alter the physical control of the child and thus constitutes a request to modify the allocation of parental rights and responsibilities." *Gunderman* at ¶ 23.

{¶ 38} Other appellate districts, however, reach the opposite conclusion. For example, the Fourth District in *Picciano v. Lowers*, 4th Dist. No. 08CA38, 2009-Ohio-3780, concluded that while a reduction in the mother's parenting time may deprive the mother "of a substantial amount of time that she otherwise would have enjoyed with the child, the modification does not deprive her of her parental rights and responsibilities" because the trial court's decision did not "modify the child's residential parent or legal custodian." *Picciano* at ¶ 24. Thus, the Fourth District determined the best interest standard in R.C. 3109.04(E)(2)(b) controls the analysis of the change in parenting time, not the change in circumstances requirement of R.C. 3109.04(E)(1)(a). *Id.*

{¶ 39} Similarly, the Third District has determined that if a court "is only seeking to change the method of implementation of a shared parenting plan" by decreasing the father's parenting time to approximately 36 percent of the total parenting time, then, under *Fisher*, the modification "does not change the designation of who is the residential parent," and thus the standard articulated in R.C. 3109.04(E)(2)(b) applies. *Sanders-Bechtol v. Bechtol*, 3d Dist. No. 5-08-08, 2009-Ohio-186, ¶ 15-18.

{¶ 40} While we recognize other appellate districts are split on this issue, we agree with the interpretation of *Fisher* adopted by the Third and Fourth Districts and find unpersuasive the Ninth District's interpretation of the holding of *Fisher* in determining when R.C. 3109.04(E)(1)(a) or 3109.04(E)(2)(b) applies. Accordingly, we conclude the trial court did not err in applying the best interest standard of R.C. 3109.04(E)(1)(a) in modifying the shared parenting plan.

{¶ 41} Appellant's fourth assignment of error is overruled.

## VII. Fifth Assignment of Error – Best Interest of the Child

{¶ 42} In his fifth assignment of error, appellant argues the trial court failed to properly evaluate the best interest of the child.

{¶ 43} In determining the best interest of the child, the trial court considers multiple factors in R.C. 3109.04(F). *Geier v. Swank*, 186 Ohio App.3d 497, 2010-Ohio-627, ¶ 13 (10th Dist.). While the court is bound to follow R.C. 3109.04, it has broad discretion in determining the appropriate allocation of parental rights and responsibilities. *H.R. v. L.R.*, 181 Ohio App.3d 387, 2009-Ohio-1665, ¶ 13 (10th Dist.). We will not disturb the trial court's decision to modify the parties' shared parenting plan absent an abuse of discretion. *Geier* at ¶ 13.

{¶ 44} Appellant contends the trial court "failed to discover evidence in the record" that would have caused the trial court to deviate from the magistrate's findings. (Appellant's brief, at 47.) Appellant argues that because the trial court failed to consider his amended objections, the trial court prevented appellant from demonstrating that the magistrate precluded appellant from providing evidence at the hearing that was relevant to the best interest determination.

{¶ 45} In our discussion of appellant's third assignment of error, we determined the trial court did not err in not considering appellant's amended objections as those objections were untimely. Civ.R. 53(D)(3)(b) bars a party from raising any error on appeal pertaining to a trial court's adoption of any finding of fact or conclusion of law by a magistrate unless that party timely objected to that finding or conclusion as required under the rule. *Triplett v. Warren Corr. Inst.*, 10th Dist. No. 12AP-728, 2013-Ohio-2743, ¶ 14.

{¶ 46} The failure to file timely objections to a magistrate's decision under Civ.R. 53(D)(3)(b) constitutes the waiver of the right to appellate review of all but plain error. *Id.* at ¶ 15. Courts are to recognize plain error in civil cases "with the utmost caution, limiting the doctrine strictly to those extremely rare cases where exceptional circumstances require its application to prevent a manifest miscarriage of justice, and where the error complained of, if left uncorrected, would have a material adverse effect on the character of, and public confidence in, judicial proceedings." *Goldfuss v. Davidson*, 79 Ohio St.3d 116, 121 (1997).

{¶ 47} Appellant fails to point to any specific examples of the evidence he claims the trial court failed to evaluate, nor does appellant explain how the evidence properly before the trial court did not support the trial court's best interest determination.

Appellant's unparticularized suggestion that other evidence may have supported a different outcome does not create an exceptional circumstance rising to the level of plain error. Thus, we overrule appellant's fifth assignment of error.

## VIII. Sixth Assignment of Error – Attorney Fees

{¶ 48} Appellant argues in his sixth assignment of error that the trial court erred in awarding attorney fees to appellee. Specifically, appellant alleges the attorney fees award was based on inaccurate information in the record.

{¶ 49} In a post-decree motion of proceeding arising out of an action for divorce, a court may award all or part of reasonable attorney fees and litigation expenses to either party if the court finds the award equitable. R.C. 3105.73(B). In determining whether the award is equitable, "the court may consider the parties' income, the conduct of the parties, and any other relevant factors the court deems appropriate, but it may not consider the parties' assets." R.C. 3105.73(B). An award of attorney fees under R.C. 3105.73 lies within the sound discretion of the trial court, and we will not reverse an award of attorney fees absent an abuse of that discretion. *Huffer v. Huffer*, 10th Dist. No. 09AP-574, 2010-Ohio-1223, ¶ 19.

{¶ 50} Appellant first asserts the trial court erroneously relied upon the magistrate's findings of fact as to appellee's income and the income of appellee's spouse. Appellant suggests a review of the transcript of proceedings before the magistrate would have revealed that mistake, especially when compared with appellee's financial affidavit of February 27, 2013. As we noted in our discussion of appellant's first assignment of error, appellant failed to timely file a transcript of the proceedings before the magistrate. Where an objecting party does not timely file a transcript of proceedings to support his objections, the trial court must accept the magistrate's findings of fact. *Ross* at ¶ 5. Further, R.C. 3105.73(B) permits, but does not require, a trial court to consider the parties' income in determining the propriety of an award of attorney fees. *Padgett v. Padgett*, 10th Dist. No. 08AP-269, 2008-Ohio-6815, ¶ 12. Thus, even if appellant is correct that the trial court incorrectly determined appellee's income in granting appellee's motion for attorney fees, the trial court was not required to make any finding on income.

{¶ 51} Appellant next argues the trial court erred in accepting an unsupported claim from opposing counsel that appellee had paid over $100,000.00 in attorney fees.

The trial court may rely on its own experience and knowledge to determine the reasonableness of the amount of fees claimed. *Long v. Long*, 10th Dist. No. 11AP-510, 2012-Ohio-6254, ¶ 20. Considering this case's long history and the trial court's familiarity with the case, the trial court was able to assess the effectiveness of appellee's counsel and the reasonableness of the fees requested. *Id.*

{¶ 52} In considering the statement from appellee's counsel regarding the amount appellee had spent on fees, the trial court noted the child's age and that the child has "repeatedly and unwaveringly informed the [two] guardians, a psychologist, the Magistrate (and virtually anyone else who would listen) that she did not want to spend the amount of time with [appellant] that he requested." (R. 544, Aug. 23, 2013 judgment entry, at 8.) The trial court further considered that appellant proceeded pro se and did not have to exhaust the same financial resources as appellee, as well as appellant's general conduct throughout the "highly contested litigation." (R. 544, at 8.) A trial court does not abuse its discretion in considering both a party's litigation and non-litigation conduct in determining whether an award of attorney fees is equitable. *Padgett* at ¶ 15. Ultimately, the trial court concluded appellant's "behavior in repeatedly filing essentially the same motions, an unripe appeal and his extra-curricular activities in actively impugning [appellee's] attorney and the previous Guardian to parties not involved in this case warrants an award of attorney fees." (R. 544, at 10.) The trial court ordered appellant pay appellee the sum of $650.00 per month for a period of 30 months. Given the record before us, the trial court did not abuse its discretion in granting appellee's motion for attorney fees.

{¶ 53} Appellant's sixth assignment of error is overruled.

## IX. Seventh Assignment of Error – GAL

{¶ 54} In his seventh assignment of error, appellant argues the trial court abused its discretion when it overruled appellant's motion to remove the GAL. Further, appellant argues the trial court erred when it allowed admission of the GAL's report.

{¶ 55} A trial court may remove a GAL for failing to discharge his or her duties. *In re A.L.*, 10th Dist. No. 07AP-638, 2008-Ohio-800, ¶ 23, citing R.C. 2151.281(D). An appellate court reviews a court's grant or denial of a motion to remove a GAL under an

abuse of discretion standard.  *Id.*, citing *In re Morgan*, 3d Dist. No. 9-04-02, 2004-Ohio-4018, ¶ 59.

{¶ 56} Appellant filed a motion to dismiss Mary Beth Fisher as the GAL on February 14, 2012 based on his general dissatisfaction with the GAL's recommendations. The magistrate denied that motion and proceeded with the scheduled hearing.  The GAL filed her second report and recommendation on February 22, 2012.  On March 2, 2012, appellant filed a motion to set aside the magistrate's order denying his motion to remove the GAL.  While the motion to set aside the magistrate's order was still pending, the magistrate reviewed the GAL's second report and recommendation as part of the basis for the magistrate's findings of fact.

{¶ 57} One of appellant's objections to the magistrate's decision was the magistrate's reliance on the GAL's report while the motion to set aside the magistrate's denial of appellant's motion for removal of the GAL was still pending.  In its August 23, 2013 judgment entry, the trial court explained appellant's objection regarding the GAL had "become a legal nullity" because GAL Fisher was removed from the case after the magistrate's decision and subsequently replaced by GAL Stephen Daulton on November 15, 2012.  (R. 544, at 3.)  Because GAL Fisher had been removed from the case, the trial court correctly determined that appellant's motion to remove GAL Fisher had been rendered moot.

{¶ 58} Appellant nonetheless argues the magistrate should not have relied on GAL Fisher's report in reaching its decision as appellant still sought the GAL's removal from the case, and therefore it was error for the trial court to subsequently rely on the magistrate's decision.  Appellant complains of various perceived deficiencies in GAL Fisher's methods of issuing her report and recommendation.

{¶ 59} R.C. 3109.04(F)(2) dictates that a court, in determining whether shared parenting is in the best interest of a child, "shall consider all relevant factors" including "[t]he recommendation of the guardian ad litem of the child."  R.C. 3109.04(F)(2)(e). While a court must consider the recommendation of a guardian ad litem, a court is not bound by such a recommendation.  *Geier* at ¶ 21, citing *In re Baby C.*, 10th Dist. No. 05AP-1254, 2006-Ohio-2067, ¶ 95.

{¶ 60} In addition to the report and recommendation of GAL Fisher, the trial court also considered the parents' wishes, the child's wishes expressed in her in camera interview, and noted the child's age, explaining to appellant that parenting a then-sixteen-year-old child presents a much different set of circumstances than parenting a preschool-aged child. Based on all of these factors, not just on the recommendation of the GAL, the trial court concluded the modification to the shared parenting plan was in the child's best interest.

{¶ 61} Given the variety of factors the trial court considered in reaching its decision to affirm the magistrate's modification of the shared parenting plan, the trial court did not abuse its discretion in considering GAL Fisher's report and recommendation. As appellant concedes, the trial court does not indicate how much weight it placed on GAL Fisher's report. Further, even if it was error for the magistrate to consider GAL Fisher's report, GAL Daulton had replaced GAL Fisher before the trial court reached its decision and made the same recommendations as to parenting time as GAL Fisher. GAL Daulton conducted an independent, thorough investigation and considered the best interest factors as stated in R.C. 3109.04(F)(2) before issuing his recommendation. Thus, the trial court here did not abuse its discretion in modifying the shared parenting plan consistent with the recommendation of not one but two GALs.

{¶ 62} We overrule appellant's seventh assignment of error.

## X. Eighth Assignment of Error – 529 Plan Account

{¶ 63} Appellant argues in his eighth assignment of error that the trial court abused its discretion when it modified the provisions of the shared parenting plan related to the 529 Plan account maintained for the minor child's benefit.

{¶ 64} Where a shared parenting plan addresses a 529 Plan account, the 529 Plan account is a "term" of the shared parenting plan. *Ramsey v. Ramsey*, 9th Dist. No. 25810, 2012-Ohio-1715, ¶ 11. Pursuant to R.C. 3109.04(E)(2)(b), the trial court has the authority to modify the terms of the shared parenting plan upon the request of one or both parties or upon its own motion. We review the trial court's decision to modify the terms of a shared parenting plan for an abuse of discretion. *Wolf-Sabatino v. Sabatino*, 10th Dist. No. 10AP-1161, 2011-Ohio-6819, ¶ 78.

{¶ 65} According to the magistrate's decision, the parties testified they had differing views of when a disbursement from the 529 Plan account was permissible. The evidence indicated appellant had previously refused to approve disbursements for another child. Additionally, the parties agreed the funds for the 529 Plan were the result of a gift from appellee's family. Appellee asked the court to modify the shared parenting plan to make appellee the sole owner of the minor child's 529 Plan account so that appellee alone could mange the plan until the child turns 18, at which time appellee intends to turn control of the 529 Plan account over to the child. It is from this testimony that the magistrate approved the modification of the 529 Plan account and the trial court subsequently adopted that modification as its own. Appellant does not indicate how this decision is an abuse of the trial court's discretion other than to indicate he disagrees with the result.

{¶ 66} Appellant asserts, however, that the 529 Plan account was part of a larger financial settlement in the parties' divorce. After a trial court issues a divorce decree, the trial court lacks jurisdiction to modify or amend the marital property division unless the decree expressly reserves jurisdiction or the parties expressly consent in writing to the modification. *Cameron v. Cameron*, 10th Dist. No. 12AP-349, 2012-Ohio-6258, ¶ 10, citing R.C. 3105.171(I). Thus, if the divorce decree divided the 529 Plan account as part of the parties' division of property, then the trial court did not retain jurisdiction to modify that division.

{¶ 67} Here, the divorce decree ordered the division of the parties' property, including real estate, automobiles, household goods, and various financial accounts. The divorce decree divided the parties' property interests in investment accounts, retirement accounts, and checking and saving accounts. While the divorce decree makes no specific mention of the 529 Plan account, it does state each party shall retain any other "account of any kind now registered in his or her name." (R. 70, Separation Agreement, at 4.)

{¶ 68} By contrast, the shared parenting agreement dedicates a separate section to "[The Minor Child]'s 529 College Savings Plan and Payment of [The Minor Child]'s College." (R. 49, at 11.) The shared parenting plan describes the establishment of the 529 Plan account as a reflection of the parties' desire "to help each of their children pay for a college education" and provides the parties "shall maintain all 529 accounts jointly, and

neither shall disburse money from those accounts to the children, or any third party, without the written permission of the other parent." (R. 49, at 11.) Based on the plain language of these two documents, the accounts discussed in the divorce decree contemplate personal financial accounts while the 529 Plan in the shared parenting agreement specifically contemplates education expenses for the minor child. Thus, we do not agree with appellant that the 529 Plan was part of the division of property in the divorce decree.

{¶ 69} The trial court properly construed the 529 Plan as a term of the shared parenting agreement subject to modification under the best interest of the child standard. Accordingly, the trial court did not abuse its discretion in modifying the terms of the shared parenting plan related to the management of the 529 Plan account.

{¶ 70} Appellant's eighth assignment of error is overruled.

## XI. Ninth Assignment of Error —Due Process

{¶ 71} In his ninth and final assignment of error, appellant asserts the trial court engaged in a pattern of conduct that denied appellant his right to due process. Although the argument is not clear in his brief, appellant suggests the trial court has engaged in biased and prejudicial conduct.

{¶ 72} It is axiomatic that a " ' "fair trial in a fair tribunal is a basic requirement of due process," ' " and "a biased decision maker is constitutionally unacceptable." *Bailey v. Beasley*, 10th Dist. No. 09AP-682, 2010-Ohio-1146, ¶ 21, quoting *Withrow v. Larkin*, 421 U.S. 35, 46-47 (1975), quoting *In re Murchison*, 349 U.S. 133, 136 (1955). A bare allegation of bias does not state a claim of a violation of due process. *Id.*

{¶ 73} From what we can discern from his brief, appellant alleges the GAL had an illicit referral relationship with appellee's counsel thus rendering her biased against him. Appellant further alleges the trial court was biased against him because appellee's counsel contributed to the trial judge's election campaign. Appellant does not explain how either of these arguments creates a situation of constitutionally intolerable bias, nor does appellant point to any authority to support his position.

{¶ 74} As to the GAL, appellee's counsel vehemently denies any allegation of an improper relationship with GAL Fisher. Further, the trial court made clear to appellant that it is the court, and not opposing counsel, who appoints the GAL, so appellant's

complaints that appellee secured a GAL that would produce favorable results for appellee were meritless. Additionally, as we explained in our discussion of appellant's seventh assignment of error, GAL Fisher was eventually removed from the case and replaced with a GAL that appellant never alleged showed any signs of bias against him.

{¶ 75} Moreover, an attorney's contribution to a judge's election campaign is not a per se showing of bias. *See Bansal v. Mt. Carmel Health Sys.*, 10th Dist. No. 10AP-1207, 2011-Ohio-3827, ¶ 51, citing *In re Disqualification of Burnside*, 113 Ohio St.3d 1211, 2006-Ohio-7223, ¶ 8. Appellant fails to demonstrate how opposing counsel's contributions to the election campaign of the trial judge, without more, rises to the level of unconstitutional bias.

{¶ 76} The remainder of appellant's due process argument reflects a general dissatisfaction with the outcome of his case. However, mere disagreement with the result is not proof of bias or prejudice against the dissatisfied party. *Stanley v. Ohio State Univ. Med. Ctr.*, 10th Dist. No. 12AP-999, 2013-Ohio-5140, ¶ 96. Appellant has not demonstrated a violation of his right to due process, and we overrule his ninth assignment of error.

## XII. Disposition

{¶ 77} Based on the foregoing reasons, the trial court did not err in granting appellee's motion to modify the shared parenting plan and awarding attorney fees to appellee. Having overruled appellant's nine assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations.

*Judgment affirmed.*

CONNOR and O'GRADY, JJ., concur.

_____