**[Cite as *Rinker v. Ohio State Racing Comm.*, 2022-Ohio-1595.]**

| | |
|---|---|
| KIMBERLY RINKER, et al. | Case No. 2019-00525JD |
| Plaintiffs | Judge Patrick E. Sheeran<br>Magistrate Holly True Shaver |
| v. | |
| | <u>JUDGMENT ENTRY</u> |
| OHIO STATE RACING COMMISSION | |
| Defendant | |

{¶1} On June 24, 2021, plaintiffs filed objections to the magistrate's June 9, 2021 decision recommending judgment in favor of Defendant, Ohio State Racing Commission (OSRC). For the reasons set forth below, the Court adopts the magistrate's decision as its own.

**Standard of Review**

{¶2} Civ.R. 53(D)(3)(b)(i) provides, "A party may file written objections to a magistrate's decision within fourteen days of the filing of the decision, whether or not the court has adopted the decision during that fourteen-day period as permitted by Civ.R. 53(D)(4)(e)(i)." "Whether or not objections are timely filed, a court may adopt or reject a magistrate's decision in whole or in part, with or without modification." Civ.R. 53(D)(4)(b). The court "shall undertake an independent review as to the objected matters to ascertain that the magistrate has properly determined the factual issues, and appropriately applied the law." Civ.R. 53(D)(4)(d). In reviewing the objections, the court does not act as an appellate court but rather conducts "a de novo review of the facts and conclusions in the magistrate's decision." (Citations omitted.) *Ramsey v. Ramsey*, 10th Dist. No. 13AP-840, 2014-Ohio-1921, ¶ 17. Objections "shall be specific and state with particularity all grounds for objection." Civ.R. 53(D)(3)(b)(ii). An objection to a factual finding must be supported "by a transcript of all the evidence submitted to the magistrate

relevant to that finding or an affidavit of that evidence if the transcript is not available." Civ.R. 53(D)(3)(b)(iii).

**Factual Background**

{¶3} Defendant has employed plaintiff Kimberly Rinker as the administrator of the Ohio Standardbred Development Fund since 2015 and plaintiff Sherry White as a fiscal officer since 2009. Defendant has employed William Crawford as its executive director since 2011 and Michael Rzymek as deputy director and legal counsel since 2018.

{¶4} Rinker filed a complaint with the Ohio Department of Administrative Services Office of Equal Opportunity (OEO) in December 2017. Rinker alleged that Crawford had discriminated against her based on gender. OEO investigated this complaint. White was interviewed during this investigation and stated that she believed Rinker's allegations. During a separate June 2019 investigation, OEO interviewed both White and Rinker. The investigation focused in part on both women's allegations of gender-based discrimination and retaliation.

{¶5} At trial, plaintiffs testified that Crawford and Rzymek took a variety of adverse actions towards them after they participated in OEO's investigations. In her role as administrator of the Ohio Sire Stakes Program, Rinker must visit farms to inspect stallions. In 2018, Rzymek instituted a new policy that required Rinker to use a state vehicle to visit farms, which she had to request 10 days prior. Plaintiff had previously been allowed to visit farms using her personal car. Rzymek testified that he made this change to comply with Department of Administrative Services (DAS) policy.

{¶6} In 2019, Defendant also instituted a new policy that required Rinker to store prizes for race winners in the workplace, rather than at her home, as she had previously been permitted to do. Rinker claimed that Rzymek justified this on the basis that it was illegal to store state property at her home. Rinker further testified that she contacted DAS regarding this policy. DAS told Rinker that storing state property at her home was not illegal, but that it preferred for state property to be stored in a state facility.

{¶7} Further, Rinker testified that defendant instructed her to make fewer farm visits and prohibited her from accruing compensatory time for working more than 80 hours in a two-week pay period. Crawford denied that defendant banned Rinker from accruing compensatory time. Crawford testified that Rinker merely needed to get approval for compensatory time in advance. According to Rzymek, this policy applied to all employees, not just Rinker. Further, according to Rzymek, the purpose of the policy was to allow defendant to reassign work from any employee routinely working more than 80 hours per pay period to another employee.

{¶8} Rinker also testified that Crawford pulled his car behind her car in a parking facility they both use and, to intimidate her, shined his high beams through her windows. Crawford testified that he did not remember this, admitted to using that parking garage, and suggested that he would have had his lights on because it was dark.

{¶9} Finally, Rinker testified that an IT person at OSRC told her Crawford attempted to access her work computer while she was on vacation.

{¶10} White testified at trial that defendant undertook a variety of retaliatory action towards her as well. White testified that Crawford refused to speak to her except by email and did so only when necessary. Crawford denied this, stating that he must communicate with White to perform his job. White also alleged that Crawford glared at her, slammed doors in her presence, and snatched items away from her. Crawford disputed this and admitted only that he has raised his voice to all the employees he oversees at some point.

{¶11} Crawford and Rzymek decided not to purchase a new copy machine to replace an old one, despite telling White that they would. Crawford testified that he did this because a replacement machine would occupy a lot of office space, which defendant had already reduced in recent years.

{¶12} Further, Defendant assigned personnel evaluations from White to Rzymek and instructed White to give Rzymek the keys to the personnel file cabinet. Crawford testified that he did this because he felt White was overworked. Defendant also

transferred oversight of state ethics regulations from White to Rzymek. Rzymek testified that this change was made to comply with an order from the governor that chief legal counsel ensure compliance with ethics training.

{¶13} Finally, defendant reprimanded White for failing to take a lunch break, which is required for employees that work over 4.5 hours. Defendant also reprimanded White for failing to submit timely payment information for the Combined Simulcast Purse Fund to OAKS, the state payroll processing system.

**Plaintiffs' Objections**

{¶14} Plaintiffs argue the magistrate erred when she concluded plaintiff had not established that Crawford and Rzymek's conduct "would have dissuaded a reasonable worker from making or supporting a charge of discrimination." Plaintiffs also object to the magistrate's conclusion that plaintiffs did not establish the reasons defendant proffered for adverse employment actions were pretextual. The Court disagrees.

{¶15} Rinker did not establish defendant retaliated against her. Defendant's instructions that Rinker use a state car to make farm visits and keep prizes in a state-run office are not sufficient to dissuade an employee from charging her employer with discrimination. The impact of these changes is to require Rinker to commute to her workplace to retrieve a car or prize before traveling to a farm. Commuting to the workplace is a minor inconvenience that many employees experience often. Further, Crawford and Rzymek provided a legitimate purpose for these changes, which is that they believed they were necessary to comply with DAS guidelines and state law. Plaintiffs have not proved these justifications are pretextual, as DAS does recommend both policies defendant adopted.

{¶16} Defendant's instructions that Rinker take less compensatory time and not work on weekends are not sufficient to dissuade an employee from charging her employer with discrimination. These changes made Rinker's schedule more consistent and allowed work to be allocated to employees that had less to do. Defendant may not have allocated

resources as efficiently as possible by making this change; however, it is management's prerogative to set the hours and terms of Rinker's employment.

{¶17} The court finds that Crawford did shine his bright headlights at Rinker while parked close behind her car. Rinker testified that, upon spotting her car, Crawford pulled his own car around sharply, drove right behind Rinker's car, and shined his bright lights. Given Crawford's inability to recall the incident, Rinker's account remains largely unchallenged. Further, it is easy to believe that Rinker was adversely affected by Crawford's action, which the tight confines of a parking garage made especially dangerous. However, the Court is not persuaded that Crawford intended to intimidate Rinker out of filing a retaliation claim or that Rinker's allegations of sex discrimination motivated Crawford to shine his lights through her window. Further, Rinker failed to establish that this inappropriate stunt materially harmed her employment.

{¶18} The court is also not persuaded that Crawford's attempt to access Rinker's computer is an adverse employment action. Rinker has failed to establish that Crawford accessing her computer caused her material harm. Rinker also failed to establish that Crawford's attempt to use her computer was related to her discrimination claims. Employees know and expect that, for a variety of reasons, their employers can access their work computers.

{¶19} White did not establish defendant retaliated against her, either. A reasonable employee would not be dissuaded from charging her employer with discrimination because that employer did not buy a replacement copy machine as promised, especially when the ORC had recently reduced its office space significantly. White also did not state that this prevented her from performing her duties. Further, defendant provided a legitimate purpose for this decision, which was conserving office space. Plaintiff has not established that this rationale was pretextual. Defendant had reduced office space drastically in recent years and had to adjust how it allocated that space. Employers routinely decide how to use limited office space.

{¶20} Defendant's reassignment of personnel evaluations from White to Rzymek would not dissuade a reasonable employee from charging her employer with discrimination. Personnel evaluations were not a large part of White's job, as she did not actually conduct the evaluations. Instead, she merely created evaluation documents that others used. For this reason, Rzymek taking the keys to the personnel file did not substantially affect White's job duties either. Further, a legitimate purpose supported both changes. Under the previous division of labor, defendant had fallen three years behind on performance evaluations. This delay was not White's fault; however, it was a legitimate reason for Rzymek to take over the evaluations. In addition, because he was very involved in making evaluations, Rzymek needed to routinely access personnel files to conduct evaluations.

{¶21} Lastly, the court acknowledges that Crawford's harsh reprimands of White may have dissuaded a reasonable employee from charging discrimination. The court notes that the work environment at OSRC is stressful and that employees, clearly including management, are often disrespectful to one another. However, legitimate purposes support each reprimand that plaintiff alleges, as plaintiff had failed to comply with office policy or state law in both instances. White failed to take a lunch break as she was required to. White also failed to timely submit payment information to OAKS. While White had a reason for failing to submit the information (it was not available until it was too late), Crawford is arguably correct that White should have alerted him in advance of the deadline. Although it is a close question, the Court concludes that any reprimands of White were arguably for good reason. As a result, White has not established that defendant's justifications for reprimanding her were pretextual.

**Conclusion**

{¶22} Upon an independent, de novo review of the record, the magistrate's decision, and the objections filed, the court finds that the magistrate properly determined the factual issues and applied the law in this case.  Therefore, plaintiffs' objections are OVERRULED.  The court adopts the magistrate's decision and recommendation as its own, including (except as noted herein) all findings of fact, and the ultimate conclusions of law.  Judgment is rendered in favor of defendant.  Court costs are assessed against plaintiffs.  The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

PATRICK E. SHEERAN
Judge

**Filed March 18, 2022**
**Sent to S.C. Reporter 5/12/22**