[Cite as *In re Thornton*, 2024-Ohio-705.]

# IN THE COURT OF CLAIMS OF OHIO

| | |
|---|---|
| IN RE: JARED R. THORNTON, SR. | Case No. 2023-00258VI |
| DONNA K. ROSS | Judge Lisa L. Sadler |
| Applicant | <u>ORDER</u> |

{¶1}  Jared R. Thornton, Sr. (Decedent) died of a drug overdose on July 20, 2020, from ingesting heroin that was laced with fentanyl.  Donna Ross, Decedent's mother, (Applicant) filed a crime victim compensation application asserting that Decedent was a victim of corrupting another with drugs, which was committed by the drug dealers when they sold the laced heroin to Decedent.  On March 6, 2023, the Attorney General rendered a Final Decision denying Applicant's claim because voluntary ingestion of a lethal dose of drugs does not constitute criminally injurious conduct.  Applicant filed an appeal with this Court on April 5, 2023.

{¶2}  A hearing was held before a magistrate on August 8, 2023.  The Magistrate issued her decision on October 4, 2023, in which she recommended that the Final Decision of the Attorney General be affirmed.  Applicant filed an Objection to the Magistrate's Decision, which is now before the Court for consideration.

**Standard of Review**

{¶3}  "A party may file written objections to a magistrate's decision within fourteen days of the filing of the decision * * *."  Civ.R. 53(D)(3)(b)(i).  Objections "shall be specific and state with particularity all grounds for objection."  Civ.R. 53(D)(3)(b)(ii).

{¶4}  The court "shall undertake an independent review as to the objected matters to ascertain that the magistrate has properly determined the factual issues and appropriately applied the law."  Civ.R. 53(D)(4)(d).  In reviewing the objections, the court does not act as an appellate court but rather conducts "a de novo review of the facts and conclusions in the magistrate's decision."  *Ramsey v. Ramsey*, 10th Dist. Franklin No.

13AP-840, 2014-Ohio-1921, ¶ 16-17.  "Whether or not objections are timely filed, a court may adopt or reject a magistrate's decision in whole or in part, with or without modification."  Civ.R. 53(D)(4)(b).

### Factual Background and Procedural History

{¶5}    On July 7, 2021, Jehjuan Durrah, Melanie Ulatowski, and James Campbell (Dealers) were charged in Cuyahoga County with Involuntary Manslaughter because the death of Decedent was the proximate result of them corrupting Decedent with drugs. (Record, p. 50).  Campbell plead guilty to attempted corrupting another with drugs; Durrah plead guilty to corrupting another with drugs.  (Record, pp. 53-55).  The Medina County Coroner's Office determined the cause of death was acute fentanyl intoxication and the manner of death was accidental.  (Record, p. 93).  Because Applicant and the Attorney General agree on the facts, there was no testimony at the hearing.

{¶6}    In her October 4, 2023 Decision, the Magistrate recommended that the Attorney General's denial of the Applicant's crime victims compensation application be upheld because the voluntary ingestion of drugs does not constitute criminally injurious conduct.  Applicant filed an Objection to the Magistrate's Decision on October 18, 2023, which included a certificate of service stating that the objections were mailed to the Attorney General.  The Attorney General did not file a response.

### Applicant's Objections

{¶7}    Applicant argues that the Magistrate's reliance on case law to make her Decision was incorrect as the cases cited were misinterpreted, outdated, and superseded by the Ohio Legislature.  Further, Applicant asserted that the issue of whether an act is criminally injurious conduct is exclusively controlled by statutory law.  Therefore, Applicant asserted that Decedent was a victim of criminally injurious conduct.

{¶8}    The court routinely and properly applies case law when interpreting the statutes governing the victims of crime compensation fund appeals before it.  *See e.g. In re Haney*, Ct. of Cl. No. V2023-00280 aff'd jud (Sept. 19, 2023).

{¶9}    R.C. 2743.51(C)(1) defines criminally injurious conduct, in pertinent part, as "any conduct that occurs or is attempted in this state; poses a substantial threat of personal injury or death; and is punishable by fine, imprisonment, or death, or would be so punishable but for the fact that the person engaging in this conduct lacked capacity to

commit the crime under the laws of this state."  This Court has consistently held that, in the absence of foul play, a decedent's voluntary ingestion of a drug is not criminally injurious conduct, even if it results in their death.  *In re Stanley*, Ct. of Cl. No. V2007-90340tc, 2007-Ohio-4700, aff'd jud (Dec. 12, 2007); *In re Camp*, Ct. of C. No. 2018-01054VI, 2018-Ohio-5481, aff'd jud (Dec. 7, 2018).

{¶10}  Decedent was not harmed during the drug deal; nor did the drug deal itself pose a substantial threat of personal injury or death.  Instead, Decedent died after he consumed the drugs.  No evidence was presented to show that Decedent did not take the drugs voluntarily.  Accordingly, the Court finds that Decedent took the drugs voluntarily.

{¶11}  The next question is whether there was foul play involved.  In *Howard*, the offender encouraged his minor victim to drink excessively so that he could then sexually assault him.  *In re Howard*, Ct. of Cl. No. 2019-00676VI (Sept. 1, 2021) aff'd jud (Oct. 13, 2021).  The victim died from alcohol poisoning before the offender could sexually assault him, and the offender was convicted of involuntary manslaughter.  This Court concluded that the minor was a victim of criminally injurious conduct because there was both a conviction and foul play.  The foul play was that the offender encouraged the minor "by trick or coercion to drink to excess so he could sexually abuse them."  *Id.* at 7.

{¶12}  In this case, however, there is no evidence that someone coerced or tricked Decedent into consuming the drugs that he purchased.  Even though Decedent may not have known the drugs he purchased contained fentanyl, this Court held in *Pratt*, that when an illegal drug user purchases illegal drugs, they assume a risk that the drugs may not be what they intended to purchase.  *In re Pratt*, Ct. of Cl. V2023-00203 (June 28, 2023) aff'd jud (Sept. 7, 2023).  Thus, there was no foul play in this case.  Because there was no foul play and Decedent consumed the drugs voluntarily, his death was not the result of criminally injurious conduct.  *Stanley*, 2007-Ohio-4700; *Camp*, 2018-Ohio-5481.  Therefore, Applicant is not eligible for an award of compensation.  Accordingly, Applicant's Objections shall be overruled.

**Conclusion**

{¶13} For the reasons stated above, the Court concludes that the Magistrate properly determined the factual issues and appropriately applied the law.  Therefore, the Court adopts the Magistrate's Decision and recommendation as its own.

IT IS HEREBY ORDERED THAT

**{¶14}**  The October 4, 2023 Decision of the Magistrate is ADOPTED;

**{¶15}**  This claim is DENIED and judgment entered for state of Ohio;

**{¶16}**  Costs assumed by the reparations fund.

LISA L. SADLER
Judge

Filed 2/2/24
Sent to S.C. Reporter 2/27/24