[Cite as *Lenoir v. Ohio Dept. of Rehab. and Corr.*, 2020-Ohio-387.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Lamar Lenoir, | : | |
| Plaintiff-Appellant, | : | |
| v. | : | No. 19AP-94 |
| | | (Ct. of Cl. No. 2017-00358JD) |
| | : | |
| Ohio Department of Rehabilitation | | (REGULAR CALENDAR) |
| and Correction, | : | |
| Defendant-Appellee. | : | |

D E C I S I O N

Rendered on February 6, 2020

**On brief:** *Lamar Lenoir,* pro se*.*

**On brief:** *Dave Yost*, Attorney General, and *Howard H. Harcha, IV,* for appellee.

APPEAL from the Court of Claims of Ohio

BRUNNER, J.

{¶ 1} Plaintiff-appellant, Lamar Lenoir, appeals the judgment of the Court of Claims of Ohio entered on January 15, 2019, overruling Lenoir's objections to the magistrate's November 21, 2018 decision and granting judgment in favor of defendant-appellee, Ohio Department of Rehabilitation and Correction ("ODRC"). For the following reasons, we affirm.

I. **FACTS AND PROCEDURAL BACKGROUND**

{¶ 2} Lenoir was an inmate in ODRC's custody at all times relevant to this matter. On April 20, 2017, Lenoir filed a complaint in the Court of Claims against ODRC, alleging that ODRC's employees used excessive or unnecessary force on him during an incident that occurred at the Lebanon Correctional Institution on October 25, 2016.

{¶ 3} The issues of liability and damages were bifurcated, and the case proceeded to a bench trial before the Court of Claims' magistrate on September 6, 2018 on the issue of liability. On November 21, 2018, the magistrate issued a decision recommending judgment in favor of ODRC.

{¶ 4} On December 3, 2018, Lenoir filed written objections to the magistrate's decision, presenting two objections for the Court of Claims' determination:

> 1. The Magistrate erred the complaint [sic] failed to state a claim upon which relief can be granted by finding that [Lenoir] can prove no set of facts in support of his claim, thereby leaving [ODRC] immune from liability.
>
> 2. The Magistrates [sic] Decisions are contrary to law and against the manifest weight of the evidence.

(Dec. 3, 2018 Lenoir Objs.) On December 7, 2018, Lenoir filed a document labeled "Civ.R. 53(D)(3)(b) Appendix/Exhibits." On December 11, 2018, he filed a document labeled "Appendix/Exhibits to 'Objections' of the Magistrates Report and Recomm./Decision Entry on 11-21-18."

{¶ 5} On January 15, 2019, the Court of Claims issued its decision overruling Lenoir's objections and adopting the magistrate's decision. (Jan. 15, 2019 Jgmt. Entry at 5.) Before addressing Lenoir's objections, the Court of Claims stated its finding that Lenoir had not filed a transcript of the bench trial or an affidavit of evidence within 30 days after filing his objections, and thus had failed to comply with the deadline established in Civ.R. 53(D)(3)(b)(iii) for the filing of a trial transcript or affidavit of evidence. (Jan. 15, 2019 Jgmt. Entry at 2-3.)

{¶ 6} The Court of Claims determined that Lenoir's first objection was without merit because, contrary to Lenoir's assertion, the magistrate had not found that his complaint had failed to state a claim on which relief could be granted. Rather, the magistrate had found that Lenoir had failed to prove his claim by a preponderance of the evidence. Consequently, the Court of Claims overruled Lenoir's first objection. (Jan. 15, 2019 Jgmt. Entry at 3, 5.)

{¶ 7} The Court of Claims in reviewing the record noted that Lenoir had not filed a transcript of the bench trial before the magistrate or an affidavit of evidence. *Id.* at 3. Consequently, the Court of Claims found "that Lenoir has failed to comply with the deadline

established in Civ.R. 53(D)(3)(b)(iii) for the filing of a transcript or affidavit of evidence." *Id.* The Court of Claims discussed the decision of this Court addressing the consequences of the lack of a trial transcript or, if appropriate, an affidavit of evidence, and stated:

> Because Lenoir has failed to timely file a transcript of the proceedings held before the magistrate or an affidavit of evidence, it is not possible for the [Court of Claims] to review Lenoir's contention that the magistrate's decision is not supported by the greater amount of credible evidence presented at trial – i.e., whether the magistrate's decision is against the manifest weight of the evidence – because the court has no testimony before it to weigh and assess. In *James v. My Cute Car, LLC*, 10th Dist. Franklin No. 16AP-603, 2017-Ohio-1291, ¶ 15, the Tenth District Court of Appeals explained: " 'The absence of a transcript or affidavit of evidence restricts the scope of review at both the trial court and appellate levels.' *Cargile v. Ohio Dept. of Admin. Servs.*, 10th Dist. No. 11AP-743, 2012-Ohio-2470, ¶ 10. 'In the absence of both a transcript and an affidavit, the trial court must accept the magistrate's findings of fact and may only examine the legal conclusions drawn from those facts.' *Ramsey v. Ramsey*, 10th Dist. No. 13AP-840, 2014-Ohio-1921, ¶ 16-18, citing *Ross v. Cockburn*, 10th Dist. No. 07AP-967, 2008-Ohio-3522, ¶ 5." See *Huffer v. Huffer*, 10th Dist. Franklin No. 12AP-883, 2013-Ohio-1575, ¶ 10 (stating that "the mandate of filing a transcript found in Civ.R. 53(D)(3)(b)(iii) is not a mere technicality. The obvious and practical reason for Civ.R. 53(D)(3)(b)(iii) is that, without a transcript of the proceedings before the magistrate, it is not possible for a trial court to review any arguments relating to issues of fact because it has no testimony before it to weigh and assess"). Based on the court's independent review, the court finds no error in the magistrate's legal conclusions contained in the decision of November 21, 2018.

(Jan. 15, 2019 Jgmt. Entry at 4-5.)  Having restricted its review to the magistrate's legal conclusions and finding no error therein, the Court of Claims adopted the magistrate's decision, overruled both of Lenoir's objections, and entered judgment in favor of ODRC. *Id.* at 5.

{¶ 8}   Lenoir then filed his appeal with this Court on February 14, 2019.   He attached to his notice of appeal a transcript of the bench trial conducted before the Court of Claims' magistrate.

## II. ASSIGNMENTS OF ERROR

{¶ 9}   Lenoir presents two assignments of error for our review:

[1.] The trial court erred the complaint [sic] failed to state a claim upon which relief can be granted by finding that plaintiff can prove no set of facts in support of his claim, thereby leaving defendants immune from liability.

[2.] The trial court's decisions are contrary to law and against the manifest weight of the evidence.

## III. DISCUSSION

### A. Standard of review

{¶ 10} When objections are filed to a magistrate's decision, the trial court must undertake an independent, de novo review of the matters objected to in order to "ascertain [whether] the magistrate has properly determined the factual issues and appropriately applied the law." Civ.R. 53(D)(4)(d); *see also Altercare of Canal Winchester Post-Acute Rehab. Ctr., Inc. v. Turner*, 10th Dist. No. 18AP-466, 2019-Ohio-1011, ¶ 14; *James v. My Cute Car, LLC*, 10th Dist. No. 16AP-603, 2017-Ohio-1291, ¶ 13. The appellate standard for reviewing a trial court's adoption of a magistrate's decision varies with the nature of the issues that were (1) preserved for review through objections raised before the trial court and (2) raised on appeal by assignment of error. *Feathers v. Ohio Dept. Rehab. & Corr.*, 10th Dist. No. 16AP-588, 2017-Ohio-8179, ¶ 10. Generally, an appellate court reviews a trial court's decision to adopt, reject, or modify a magistrate's decision for an abuse of discretion. *Tedla v. Al-Shamrookh*, 10th Dist. No. 15AP-1094, 2017-Ohio-1021, ¶ 11, citing *Bell v. Nichols*, 10th Dist. No. 10AP-1036, 2013-Ohio-2559, ¶ 16. An abuse of discretion occurs when a court's judgment is unreasonable, arbitrary, or unconscionable. *State ex rel. McCann v. Delaware Cty. Bd. of Elections*, 155 Ohio St.3d 14, 2018-Ohio-3342, ¶ 12; *State v. Meek*, 10th Dist. No. 16AP-549, 2017-Ohio-9258, ¶ 23. Even under an abuse of discretion standard, however, "no court has the authority, within its discretion, to commit an error of law." (Quotations and citations omitted.) *Shaw v. Underwood*, 10th Dist. No. 16AP-605, 2017-Ohio-845; *State v. Akbari*, 10th Dist. No. 13AP-319, 2013-Ohio-5709, ¶ 7. In other words, " '[a] court abuses its discretion when its ruling is founded on an error of law or a misapplication of law to the facts.' " *Independence v. Office of the Cuyahoga Cty. Executive*, 142 Ohio St.3d 125, 2014-Ohio-4650, ¶ 49 (O'Donnell, J., dissenting), quoting *Doe v. Natl. Bd. of Med. Examiners*, 199 F.3d 146, 154 (3d Cir.1999). Questions of law are reviewed de novo on appeal. *PHH Mtge. Corp. v. Ramsey*, 10th Dist. No. 13AP-925, 2014-Ohio-3519, ¶ 14; *In re Adoption of N.D.D.*, 10th Dist. No. 18AP-561, 2019-Ohio-727, ¶ 27.

## B. First Assignment of Error

{¶ 11} Lenoir contends that the Court of Claims erred in determining that "the complaint failed to state a claim upon which relief can be granted" because it found that he "can prove no set of facts in support of his claim." (Appellant's Brief at i.) We disagree.

{¶ 12} Nothing in the record supports Lenoir's contention. This error, which Lenoir attributes here to the Court of Claims, is identical to the error he attributed to the magistrate in his first objection to the magistrate's decision. The Court of Claims resolved Lenoir's first objection as follows:

> In the decision, the magistrate stated: "Upon review, the magistrate finds that [Lenoir] failed to prove his claim by a preponderance of the evidence." (Magistrate's Decision, 8.) The magistrate did not find that Lenoir's complaint failed to state a claim upon which relief can be granted. The court determines that Lenoir's first objection is without merit. The court further determines that Lenoir's first objection should be overruled.

(Jan. 15, 2019 Jgmt. Entry at 3.)

{¶ 13} Our independent review of the record that is properly before us supports the Court of Claims' determination that the magistrate had found, following a bench trial at which testimonial and documentary evidence was admitted into evidence, that Lenoir had failed to prove his claim by the applicable standard of proof; nothing in the record indicates that the magistrate had found that Lenoir had failed to state a claim upon which relief could be granted. Consequently, we find that the Court of Claims did not err in deciding that Lenoir's first assignment of error was without merit and, consequently, overruling it. Lenoir's first assignment of error is overruled.

## C. Second Assignment of Error

{¶ 14} Lenoir's second assignment of error asserts that the trial court's decision is contrary to law and against the manifest weight of the evidence. The second assignment of error is identical to the second objection Lenoir lodged against the magistrate's decision. For the following reasons, we disagree.

{¶ 15} We address as a preliminary matter Lenoir's attempt to supplement the record on appeal by providing and referencing the transcript of the bench trial conducted before the Court of Claims' magistrate. This Court's review is limited to the record that was before the Court of Claims. *Snider v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 11AP-

965, 2012-Ohio-1665, ¶ 8. We cannot expand the scope of our review of a transcript that was not filed with the Court of Claims, nor considered by that court. *Ross v. Cockburn*, 10th Dist. No. 07AP-967, 2008-Ohio-3522, ¶ 6.

{¶ 16} Lenoir admits in his brief that he "does not dispute [that] the absence of a transcript or affidavit of evidence, restricts the scope of review at both the court and appellate levels." (Appellant's Brief at 1.). He further admits that "it is not possible for a trial court to review any arguments relating to issues of fact, because it has no testimony before it to (weigh and assess) and the trial court must accept the magistrate's findings of fact and may only examine the legal conclusions drawn from those facts." *Id.* He asserts, however, that his request for a transcript of the bench trial was impeded by the mail service afforded to inmates at ODRC's correctional facilities. Lenoir does not, however, provide any evidence–even in the form of his own affidavit–that he timely requested the trial transcript before the Court of Claims' judgment was entered on the record.[1] Additionally, our independent review of the record failed to disclose that Lenoir requested a continuance from the Court of Claims in order to obtain and file the transcript or that he filed a motion instanter requesting leave to file the transcript out of rule for good cause shown. For the foregoing reasons, we find that we cannot consider the trial transcript Lenoir filed with this appeal nor references he makes to the transcript in his brief.

{¶ 17} We agree with the Court of Claims that " '[t]he absence of the transcript * * * restricts the scope of review at both the trial court and appellate levels.' " *James,* 2017-Ohio-1291, at ¶ 15, quoting *Cargile v. Ohio Dept. of Adm. Servs.*, 10th Dist. No. 11AP-743, 2012-Ohio-2470, ¶ 10. We further agree that, in the absence of the trial transcript, the Court of Claims was required to accept the magistrate's findings of fact and could only examine the legal conclusions drawn from those facts. *Ramsey v. Ramsey*, 10th Dist. No. 13AP-840, 2014-Ohio-1921, ¶ 16-18. The Court of Claims' decision indicates that the magistrate's legal conclusions were properly drawn from the facts and evidence presented at trial, and that the magistrate applied the appropriate law in reaching his decision that

---

[1] On January 28, 2019, Lenoir filed with the Court of Claims a "Motion for Reconsideration to Adopted Magistrate's Decision Render 1-15-19," in which he asserted that he had submitted a request for a transcript of the trial transcript, accompanied by an affidavit of indigency because he was unable to pay for the transcript. He stated that his request was accompanied by the objections and exhibits he filed with the Court of Claims. Lenoir's motion attributes his failure to receive and file the transcript in a timely manner to the poor mail service ODRC institutions provide for inmates. Lenoir does not provide any affidavit or any record of his request for the trial transcript to support his motion.

Lenoir had not met his burden to prove his claim "that the force [ODRC's correction officers] used was unreasonable or unnecessary under the circumstances or that correction[] officers breached a duty of care owed to [Lenoir]." (Nov. 21, 2018 Mag.'s Decision at 11-12.)

{¶ 18} We have reviewed de novo the record that is properly, according to rule, before us in this matter. This includes the magistrate's thorough decision rendered after the bench trial and the exhibits admitted into evidence. Based on our examination of the medical reports submitted into evidence by Lenoir and ODRC and the video of the incident that gave rise to Lenoir's initial complaint of unnecessary or excessive force, we find that the record supports the magistrate's legal conclusions.

{¶ 19} Thus, we find that the Court of Claims did not abuse its discretion when it determined from its independent review of the record that there was no error in the magistrate's legal conclusions and adopted the magistrate's decision. Lenoir's second assignment of error is overruled.

## IV. CONCLUSION

{¶ 20} This Court has conducted an independent review of the magistrate's decision, including the exhibits admitted at the trial, all evidence properly before and permitted to be considered by this Court. We have examined the written briefs submitted by the parties, and the applicable law. On review, this Court does not find Lenoir's assignments of error to be well-taken. This Court agrees with the Court of Claims' finding that the magistrate considered all facts relevant to the matter before him, made the appropriate factual findings, and properly construed and applied the relevant law. We find no abuse of discretion on the part of the Court of Claims in adopting the magistrate's decision.

{¶ 21} Based on the foregoing, we overrule both of Lenoir's assignments of error and affirm the judgment of the Court of Claims of Ohio.

*Judgment affirmed.*

SADLER, P.J., and DORRIAN, J., concur.

_____