[Cite as *McCarthy v. Johnson*, 2020-Ohio-3429.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Donald T. McCarthy, | : | |
| Plaintiff-Appellee, | : | |
| | : | No. 18AP-961 |
| v. | : | (M.C. No. 2017CVI-36973) |
| Cheryl L. Johnson, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on June 23, 2020

**On brief:** *Donald T. McCarthy*, pro se. **Argued:** *Donald T. McCarthy*.

**On brief:** *Wolinetz & Horvath, LLC*, and *Dennis E. Horvath*, for appellant. **Argued:** *Dennis E. Horvath*.

APPEAL from the Franklin County Municipal Court

DORRIAN, J.

{¶ 1} Defendant-appellant, Cheryl L. Johnson, appeals from a judgment of the Franklin County Municipal Court in favor of plaintiff-appellee, Donald T. McCarthy, on his claim for breach of a promissory note. Because we conclude the trial court did not abuse its discretion by overruling Johnson's objections to a magistrate's decision granting judgment in McCarthy's favor, we affirm.

**I. Facts and Procedural History**

{¶ 2} McCarthy and Johnson were married from 1982 until 2005 and have a daughter together, Morgan Johnson. On October 26, 2017, McCarthy filed a complaint in the municipal court small claims division alleging Johnson borrowed $4,000 from him in April 2014 for the purpose of expanding her business. McCarthy asserted in the complaint that Johnson signed a promissory note providing the loan would be repaid with interest

within three years.  McCarthy further stated in the complaint that as of October 2017 he had not received any repayment of the loan.

{¶ 3}   A magistrate of the municipal court conducted a trial on McCarthy's claim on July 17, 2018.  McCarthy testified he loaned $4,000 to Johnson on April 23, 2014, and that both parties agreed at the time that the loan would be repaid with interest within three years.  McCarthy stated he and Johnson both signed a promissory note reflecting the terms of the loan.  McCarthy testified the loan was intended to enable Johnson to expand her business. McCarthy subsequently sent Johnson a letter on July 27, 2016, requesting repayment of the loan.  He testified Johnson refused to repay the loan, claiming repayment had been conditioned on expansion of her business, which had not occurred.  On cross-examination, McCarthy denied the loan had been intended to assist Morgan, who was in medical school at the time, except to the extent that an expansion of Johnson's business would ultimately result in more income that could be used for Morgan's expenses. McCarthy denied Morgan was present when he and Johnson discussed the loan.  At the close of his presentation, McCarthy sought to introduce several documents into evidence, including a copy of the alleged promissory note signed by both parties on April 23, 2014 ("Exhibit A") and a copy of the July 27, 2016 letter requesting repayment of the loan from Johnson ("Exhibit B").  Johnson objected to those exhibits because they were not original documents; the trial court admitted the exhibits over Johnson's objection.

{¶ 4}   Johnson testified the loan from McCarthy was intended to help with Morgan's expenses.  Morgan initially asked McCarthy for a loan, but he declined to lend the money to her.  Johnson then told McCarthy she had a tentative, non-guaranteed offer to expand her business and asked if he would lend $4,000 to her for Morgan's benefit, on the condition that she would repay McCarthy if the business expansion came to fruition. Johnson testified McCarthy understood the proposed condition and agreed to the loan. Johnson further testified that the anticipated business expansion ultimately did not occur and, therefore, the condition for repayment of the loan was not met.  Johnson asserted the loan was intended to help with Morgan's expenses, not to expand her business; the business expansion opportunity was only implicated because it would give Johnson sufficient additional income to be able to repay the loan.  Johnson claimed Morgan was present during the discussions about the loan.  On cross-examination, Johnson admitted she

received $4,000 from McCarthy, but asserted there was verbal understanding that it would only be repaid if the business expansion occurred. Johnson denied writing the alleged promissory note McCarthy had introduced into evidence. Morgan also testified at trial, stating she was present during two discussions between McCarthy and Johnson about the $4,000 loan. She testified McCarthy did not want to give the money directly to her and preferred to lend it to Johnson. She indicated there was an understanding that Johnson would not be required to repay the loan unless the potential business expansion occurred.

{¶ 5} Following trial, the magistrate issued a decision finding McCarthy had proved there was a written, signed document establishing an agreement between the parties. The magistrate rejected Johnson's testimony regarding an oral agreement between the parties that would alter the meaning of the written document, finding such evidence was barred by R.C. 1302.05. The magistrate granted judgment for McCarthy for $4,000, plus costs and interest.

{¶ 6} Johnson filed objections to the magistrate's decision, asserting McCarthy failed to prove the elements of a valid contract and failed to provide the original documents establishing the alleged promissory note and other exhibits presented at trial. Johnson further objected to the magistrate's application of R.C. 1302.05 to the matter and the magistrate's conclusion that the alleged promissory note was a complete and exclusive statement of the terms of the parties' agreement.

{¶ 7} The municipal court overruled Johnson's objections to the magistrate's decision, concluding that duplicate copies of the alleged promissory note and other exhibits were acceptable under Evid.R. 1003 because Johnson failed to establish they were not true and accurate copies of the documents. The court found the magistrate erred by applying R.C. 1302.05 to bar evidence contradictory to the terms of the alleged promissory note because that statute governed sales contracts. However, the court found the error to be harmless because the parol evidence rule would bar introduction of extrinsic evidence to contradict the alleged promissory note. The court further found the record established McCarthy demonstrated the elements of a valid contract between the parties.

## II. Assignments of Error

{¶ 8} Johnson appeals and assigns the following three assignments of error for our review:

[I.] THE TRIAL COURT ERRED BY ADOPTING THE MAGISTRATE'S DECISION BECAUSE THE MAGISTRATE ADMITTED TWO DUPLICATE DOCUMENTS WHERE GENUINE QUESTIONS WERE RAISED AS TO THE AUTHENTICITY OF THE ORIGINALS.

[II.] THE TRIAL COURT ERRED BY ADOPTING THE MAGISTRATE'S DECISION BECAUSE REVISED CODE CHAPTER 1302 DOES NOT GOVERN A PROMISSORY NOTE UNCONNECTED TO A SALE OF GOODS.

[III.] THE TRIAL COURT ERRED BY ADOPTING THE MAGISTRATE'S DECISION BECAUSE THE TRIAL COURT'S ADOPTION OF THE MAGISTRATE'S DECISION RELIED ON THE MAGISTRATE'S CLEARLY ERRONEOUS FINDING OF FACT.

## III. Analysis

### A. Errors presented for consideration

{¶ 9} As an initial matter we note that, in addition to the three stated assignments of error, Johnson's brief appears to include a fourth argument, suggesting there was no enforceable contract because the parties did not come to a meeting of the minds as to the terms of the loan. However, Johnson did not specifically assign this as error for our review. App.R. 16(A)(3) provides that an appellant's brief must include "[a] statement of the assignments of error presented for review, with reference to the place in the record where each error is reflected." Under App.R. 12(A)(1)(b), an appellate court must "[d]etermine [an] appeal on its merits on the assignments of error set forth in the briefs under App.R. 16." *See also Brownlee v. State Med. Bd. of Ohio*, 10th Dist. No. 13AP-239, 2013-Ohio-4989, ¶ 21. "Thus, this court rules on assignments of error only, and will not address mere arguments." *Ellinger v. Ho*, 10th Dist. No. 08AP-1079, 2010-Ohio-553, ¶ 70. Because Johnson has not assigned as error the magistrate's conclusion that the parties entered into an enforceable contract, we will not address that argument. *Id. See also Silver Lining Group EIC Morrow Cty. v. Ohio Dept. of Edn. Autism Scholarship Program*, 10th Dist. No. 16AP-398, 2017-Ohio-7834, ¶ 66 ("While appellants argue ODE failed to pay for the services appellants provided after St. Clairsville became a registered private provider, appellants did not assign this argument as an assignment of error. * * * Accordingly, we do not address this argument."); *In re Estate of Taris*, 10th Dist. No. 04AP-1264, 2005-Ohio-

1516, ¶ 5-6 ("[A]ppellant includes additional contentions in the argument section of her brief that do not clearly correspond to the contentions in any of the listed assignments of error. Pursuant to App.R. 12(A)(1)(b), this court is required to determine the appeal based upon the assignments of error set forth in the briefs under App.R. 16. * * * [C]onsistent with the mandates of App.R. 12(A)(1)(b), we will determine the merits of appellant's appeal based upon the assignments of error as listed. * * * Further, we will not address any additional contentions in the argument section of the brief that do not plainly fall under one of the listed assignments of error."). Accordingly, we limit our review to the three assignments of error expressly set forth in Johnson's brief.

## B. Standard of review

{¶ 10} A trial court considering objections to a magistrate's decision must undertake an independent review of the matters objected to and ascertain whether the magistrate has properly determined the factual issues and appropriately applied the law. Civ.R. 53(D)(4)(d). Therefore, a trial court applies a de novo standard in reviewing objections to a magistrate's decision. *James v. My Cute Car, LLC*, 10th Dist. No. 16AP-603, 2017-Ohio-1291, ¶ 13. "The standard of review on appeal from a trial court judgment that adopts a magistrate's decision varies with the nature of the issues that were (1) preserved for review through objections before the trial court and (2) raised on appeal by assignment of error." *In re Guardianship of Schwarzbach*, 10th Dist. No. 16AP-670, 2017-Ohio-7299, ¶ 14. Generally, we review a trial court's decision to adopt, reject, or modify a magistrate's decision for abuse of discretion. *Lenoir v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 19AP-94, 2020-Ohio-387, ¶ 10. An abuse of discretion occurs when a court's decision is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

## C. Error to admit duplicate documents

{¶ 11} Johnson argues in her first assignment of error that the trial court abused its discretion by adopting the magistrate's decision because the magistrate admitted two duplicate documents into evidence despite questions as to their authenticity. At trial, Johnson objected to the admission of Exhibits A and B because they were not original documents. The magistrate admitted the documents over Johnson's objections.

{¶ 12} Under Evid.R. 1002 "[t]o prove the content of a writing, recording, or photograph, the original writing, recording, or photograph is required, except as otherwise provided in [the Ohio Rules of Evidence] or by statute enacted by the General Assembly not in conflict with a rule of the Supreme Court of Ohio."  Evid.R. 1003 provides an exception to the general rule, stating "[a] duplicate is admissible to the same extent as an original unless (1) a genuine question is raised as to the authenticity of the original or (2) in the circumstances it would be unfair to admit the duplicate in lieu of the original."  A duplicate is defined as "a counterpart produced by the same impression as the original, or from the same matrix, or by means of photography, including enlargements and miniatures, or by mechanical or electronic re-recording, or by chemical reproduction, or by other equivalent techniques which accurately reproduce the original." Evid.R. 1001(4).  *See also State v. Boddie*, 10th Dist. No. 12AP-74, 2012-Ohio-5473, ¶ 15 ("Appellant also claims that state's exhibit E was inadmissible because it was a photocopy. Under Evid.R. 1003, however, the trial court is permitted to admit photocopied records into evidence.").

{¶ 13} "The decision to admit duplicates is within the sound discretion of the trial court."  *State v. Ollison*, 10th Dist. No. 16AP-95, 2016-Ohio-8269, ¶ 51, citing *State v. Tibbetts*, 92 Ohio St.3d 146, 160 (2001).  A party seeking to exclude a duplicate document bears the burden of demonstrating that it should be excluded.  *Id.* "A trial court does not abuse its discretion in admitting a duplicate where the party seeking to exclude the duplicate merely speculates regarding its authenticity." *Id.*

{¶ 14} On appeal, Johnson argues the magistrate abused her discretion by admitting Exhibits A and B because they were duplicate documents and Johnson raised genuine questions as to their authenticity.  At trial, McCarthy admitted Exhibit A was not the original promissory note signed by the parties.  He was uncertain whether he had the original note, but asserted Exhibit A was an exact copy of the original. When asked whether she acknowledged signing the original note, Johnson stated "Your Honor, I signed - - I signed something, but it was not a promissory note."  When asked whether Exhibit A looked like the document she signed, Johnson stated "I don't know if it's the exact copy, but I did sign something."  (Tr. at 17.)   Johnson did not dispute that her signature appeared on Exhibit A and did not suggest Exhibit A had been altered in any way to add her signature. With respect to Exhibit B, McCarthy admitted he did not know whether the document he

sought to introduce was the original letter. He stated the original letter did not contain his signature, because he was "sending [it], basically, like an e-mail." (Tr. at 21.) Although Johnson objected to the introduction of Exhibit B because it was a copy, she did not dispute the content of Exhibit B or assert it differed in any way from any copy of the letter she may have received. Under these circumstances, the magistrate did not abuse her discretion by admitting Exhibits A and B because Johnson's claims regarding the authenticity of those documents were merely speculative. *See Ollison* at ¶ 51; *see also St. Paul Fire & Marine Ins. Co. v. Ohio Fast Freight, Inc.*, 8 Ohio App.3d 155, 157 (10th Dist.1982) ("It would not be proper to deny admission of plaintiff's exhibits 2 and 3 into evidence for the reason that they were duplicates rather than originals. There was no genuine question raised as to the authenticity of the originals and there were no other circumstances demonstrated where it would be unfair to admit duplicates in lieu of originals."). Therefore, the trial court did not abuse its discretion by overruling Johnson's objections to the magistrate's decision, which relied on the evidence contained in Exhibits A and B.

{¶ 15} Accordingly, we overrule Johnson's first assignment of error.

**D. Error to apply R.C. Chapter 1302**

{¶ 16} Johnson argues in her second assignment of error that the trial court abused its discretion by adopting the magistrate's decision because the magistrate erred in applying R.C. 1302.05 to reject her testimony regarding a verbal condition limiting the circumstances under which she would be required to repay the loan. Johnson asserts R.C. 1302.05 does not apply to the matter because the contract did not involve a transaction in goods.

{¶ 17} As the trial court noted, Johnson is correct that R.C. 1302.05 did not apply to the promissory note entered between McCarthy and Johnson. R.C. Chapter 1302 applies to transactions in goods. R.C. 1302.02. *See also Action Group, Inc. v. NanoStatics Corp.*, 10th Dist. No. 13AP-72, 2013-Ohio-5542, ¶ 38 ("Article Two of the UCC, adopted in Ohio as R.C. 1302.01 to 1302.98, applies to transactions for the sale of goods, not to service contracts."). The law defines "goods" as "all things (including specially manufactured goods) which are movable at the time of identification to the contract for sale other than the money in which the price is to be paid, investment securities, and things in action." R.C. 1302.01(A)(8). The loan from McCarthy to Johnson was not a transaction in goods;

therefore, R.C. 1302.02 did not apply to bar Johnson from offering extrinsic evidence related to the promissory note and the parties' agreement. However, the trial court found the magistrate's error to be harmless because the parol evidence rule would have barred such evidence.

{¶ 18} "The parol evidence rule states that 'absent fraud, mistake or other invalidating cause, the parties' final written integration of their agreement may not be varied, contradicted or supplemented by evidence of prior or contemporaneous oral agreements, or prior written agreements.' " *Galmish v. Cicchini* 90 Ohio St.3d 22, 27 (2000), quoting 11 Williston on Contracts, Section 33:4, at 569-70 (4 Ed.1999). It is "a rule of substantive law that prohibits a party who has entered into a written contract from contradicting the terms of the contract with evidence of alleged or actual agreements." *Ed Schory & Sons v. Francis*, 75 Ohio St.3d 433, 440 (1996). " 'The rule comes into operation when there is a single and final memorial of the understanding of the parties. When that takes place, prior and contemporaneous negotiations, oral or written, are excluded; or, as it is sometimes said, the written memorial supersedes these prior or contemporaneous negotiations.' " *Galmish* at 27, quoting *In re Gaines Estate*, 15 Cal.2d 255, 265 (1940). R.C. 1302.05 codifies the parol evidence rule in the context of transactions for the sale of goods. *See Williams v. Spitzer Autoworld Canton, LLC*, 122 Ohio St.3d 546, 2009-Ohio-3554, ¶ 17 ("Our cases have long established that the parol evidence rule bars extrinsic evidence of prior oral representations that contradict the parties' final written contract, and R.C. 1302.05 has codified this rule of law rather than abrogating it.").

{¶ 19} Although Johnson asserts the magistrate erred by applying R.C. 1302.05, she does not challenge the trial court's conclusion that the error was harmless because the common law parol evidence rule would have prevented consideration of extrinsic evidence to supplement or contradict the terms of the promissory note. Because the trial court did not rely on the magistrate's erroneous application of R.C. 1302.05 and expressly found it to be harmless error, we cannot conclude the court abused its discretion in adopting the magistrate's decision.

{¶ 20} Accordingly, we overrule Johnson's second assignment of error.

**E. Reliance on erroneous finding of fact**

{¶ 21} Johnson argues in her third assignment of error that the trial court abused its discretion by overruling her objections to the magistrate's decision because the magistrate's decision contained a clearly erroneous finding of fact. Specifically, Johnson cites the following statement from the magistrate's conclusions of law: "Defendant previously stated, the Court finds the contract submitted by the plaintiff is a complete ad [sic] exclusive writing of the plaintiff and defendant." (Mag.'s Decision at 3.) Johnson focuses on the first clause of this sentence (i.e., "Defendant previously stated") and argues she did not state at trial that the promissory note was the complete and exclusive writing of the parties. Rather, Johnson asserts, both she and Morgan testified there was a verbal agreement that she would only repay the loan if she was successful in expanding her business. Johnson argues the magistrate made an erroneous factual finding and asserts the trial court abused its discretion by relying on the erroneous finding in overruling Johnson's objections to the magistrate's decision

{¶ 22} Based on our review of the magistrate's decision, we disagree with Johnson's claim that the magistrate erroneously found she had conceded that the promissory note was a complete and exclusive record of the parties' agreement. Read in context of the full opinion, the clause Johnson cites appears to contain a typographical error rather than an erroneous finding of fact. On the preceding page of the decision, the magistrate reached the following conclusion:

> The plaintiff has presented a written, signed document which clearly indicates an agreement between the parties. It is explicit in its terms of repayment, as well as, in its language excluding any possible effects on previously agreed to financial arrangements between the parties. This language clearly indicates that this document was drafted, reviewed and agreed upon in its entirety.

(Mag.'s Decision at 2.) This language suggests a conclusion that the promissory note was the final written integration of the parties' agreement. Thus, the use of the term "Defendant" in the sentence Johnson cites appears to be a typographical error; in light of the magistrate's prior conclusion, it appears the magistrate intended to use the common phrase "*as* previously stated," rather than "*Defendant* previously stated." Our conclusion that this was a simple typographic error is bolstered by the fact that the sentence makes

more sense grammatically when read to begin with the clause "as previously stated." Under these circumstances, we conclude the trial court did not abuse its discretion by relying on the magistrate's findings of fact and conclusions of law in overruling Johnson's objections to the magistrate's decision.

{¶ 23} Accordingly, we overrule Johnson's third assignment of error.

**IV. Conclusion**

{¶ 24} For the foregoing reasons, we overrule Johnson's three assignments of error and affirm the judgment of the Franklin County Municipal Court.

*Judgment affirmed.*

LUPER SCHUSTER and BRUNNER, JJ., concur.

———————————