[Cite as *In re Estate of Zeak*, 2022-Ohio-951.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

In the Matter of:                                    :
The Estate of Thomas Amigh Zeak,
Deceased,                                            :                   No. 20AP-310
                                                                      (Prob. No. 591878)
                                                     :
[Robert B. Handelman, Administrator,                                  (REGULAR CALENDAR)
                                                     :
             Appellant.]                             :

                                                     :

_____

D E C I S I O N

Rendered on March 24, 2022

_____

**On brief:** *Sandor W. Sternberg*, for appellant.

_____

APPEAL from the Franklin County Court of Common Pleas,
Probate Division

SADLER, J.

{¶ 1} Robert B. Handelman, the administrator of the estate of decedent Thomas Amigh Zeak, appeals the judgment entered by the Franklin County Court of Common Pleas, Probate Division, which disapproved the partial fiduciary's account and the final and distributive fiduciary's account and ordered appellant to file an amended final and distributive fiduciary's account. For the following reasons, we affirm the trial court judgment.

**I. FACTS AND PROCEDURAL HISTORY**

{¶ 2} On September 8, 2016, the decedent died without a will ("intestate") with eight surviving next of kin, including his five children and three grandchildren. Two years later, appellant, an attorney, applied to be appointed administrator of decedent's estate.

Each of the next of kin waived the right to administer the estate, and the probate court appointed appellant administrator on June 21, 2018.

{¶ 3} On August 28, 2018, appellant submitted an inventory and appraisal indicating the estate comprised $90,421.96 in assets, wholly derived from the excess proceeds from a sheriff's sale of the decedent's home. The inventory was approved by the trial court the following month.

{¶ 4} Forms entitled "Acknowledgment, Waiver, and Consent to Finder's Fee," signed by the next of kin, were filed on November 16, 2018. In the waiver forms, each next of kin acknowledged receipt of a copy of a "money recovery services agreement" with CashBack Services, Ltd., "waive[ed] objection to the * * * finder's fee of 33.33% of the recovery of the surplus sheriff's sale * * * of decedent's former residence," and "consent[ed] to the deduction of the agreed finder's fee from the total of any such recovery." (Nov. 16, 2018 Acknowledgment, Waiver, and Consent to Finder's Fee Forms at 1.) The money recovery services agreement accompanying the waiver forms shows that that it was signed by Lisa Ann Zeak Caroll as the "natural daughter and presumed heir" of decedent on March 27, 2018—prior to the opening of decedent's estate. (Mar. 27, 2018 Agreement for Money Recovery Services at 2.)

{¶ 5} Appellant filed a partial fiduciary's account on November 27, 2018. The account shows a $59,331.31 balance remaining following a disbursement of $25,424.65 to CashBack Services, Ltd. as a "Debt[] and claim[] against estate" and other disbursements for attorneys fees, fiduciary fees, and reimbursement of court costs and the bond premium. (Nov. 27, 2018 Fiduciary's Account at 2.) No exceptions to the partial account were filed. In the final and distributive account filed on December 21, 2018, appellant indicated that he distributed the balance of the estate to the next of kin, leaving a zero balance on the account.

{¶ 6} The trial court set hearing dates to consider the accounts submitted by appellant. On January 8, 2019, pursuant to Civ.R. 53(D)(2), a magistrate issued an order continuing the hearings to March 4, 2019 and stating, "[appellant] is **ORDERED** to appear at the hearing to present evidence." (Jan. 8, 2019 Order at 1.) The record shows that prior to the scheduled hearing, on February 27, 2019, appellant submitted a "Memorandum Concerning Finder's Fee." (Feb. 27, 2019 Memo. at 1.)

{¶ 7}   The magistrate issued a decision on October 31, 2019 stating,"[t]he matter came before the court on March 4, 2019, upon the hearing set to consider approval of the [partial and final accounts]." (Oct. 31, 2019 Mag. Decision at 1.)  The magistrate determined that appellant had waived his appearance at the March 4th hearing upon filing the memorandum concerning the finder's fee.  Regarding the merits of the finder's fee issue, the magistrate determined the excess proceeds from the sheriff's sale could not be appropriately distributed to Cashback Services, Ltd. since the contract was neither executed by anyone with authority to bind the estate nor approved by the court.  Therefore, the magistrate disapproved the partial and final and distributive accounts and ordered appellant to file an amended account reflecting no distribution to Cashback Services, Ltd.

{¶ 8}   Appellant filed objections to the magistrate's decision on November 13, 2019. The objections first challenged the accuracy of certain findings of fact, including faulting the magistrate for not stating that appellant, on January 29, 2019, "personally inquired" about the status of the case with the assigned magistrate and was instructed to file a memorandum on the finder's fee issue.  (Nov. 13, 2019 Objs. at 2.)  Appellant further faulted the magistrate for finding waiver, and, citing to *In re Estate of Howard*, 9th Dist. No. 07CA009198, 2008-Ohio-2104, contended that, "[c]ontrary to the mandatory requirements of [R.C.] 2109.32(A), no hearing on the fiduciary's account was ever conducted." (Objs. at 4.)  Appellant did not request a hearing, but asked the trial court to sustain his objections and reject the magistrate's decision.

{¶ 9}   Appellant additionally noted that he had asked the clerk of court for a "transcript of the evidence" and sought "leave of court to supplement these objections by filing such transcript upon receipt of the same."   (Objs. at 1.)  The record contains a document entitled "praecipe requesting the record (transcript of evidence)" asking the clerk of the probate court to assemble the "original papers and exhibits filed in this matter and a certified copy of docket and journal entries."  (Nov. 14, 2019 Praecipe at 1.)  A trial court entry dated November 18, 2021 determined the magistrate's decision was conducted after a non-oral hearing, and that a separate transcription of oral proceedings was unnecessary for the court to perform its review of appellant's objections.

{¶ 10} On April 17, 2020, the trial court issued its decision overruling appellant's objections and adopting the magistrate's decision.  First, because no transcript of the

March 4, 2019 hearing existed and appellant failed to file an affidavit of evidence under Civ.R. 53(D)(3)(b)(iii), the trial court adopted the magistrate's findings of fact as its own. Next, the trial found a non-oral hearing was conducted by the magistrate pursuant to R.C. 2109.32(A), and that the memorandum submitted by appellant did not waive "the *right* of [appellant] to appear" at the hearing. (Emphasis sic.) (Apr. 17, 2020 Trial Court Jgmt. at 4.) Instead, in the trial court's view, appellant could have appeared at the hearing, and the fact that he did not appear "suggests that he was aware of, and agreed with, the waiver of his appearance, which otherwise had been required by the magistrate's order." (Trial Court Jgmt. at 4.) The trial court then agreed with the magistrate on the merits of the finder's fee issue, and additionally pointed out that it had authority to "make any other order that the court considers proper" pursuant to R.C. 2109.32(A), which in this instance permitted the court to disallow the payment for contract services. (Trial Court Jgmt. at 5.) The trial court noted appellant had not asserted the trial court lacked authority to make such a decision or provided any legal authority to that end. Therefore, the trial court disapproved both the partial account and the final and distributive account and ordered appellant to file an amended final and distributive fiduciary's account without a distribution to CashBack Services, Ltd.

{¶ 11} Appellant filed a timely appeal.

## II. ASSIGNMENT OF ERROR

{¶ 12} Appellant submits one assignment of error for our review:

> The probate court abused its discretion in overruling appellant's objections to the magistrate's decision where, as requested by the magistrate, a memorandum was filed on the issue of fees payable to a money recovery company, after which the scheduled hearing thereon was cancelled, the court did not reschedule a new hearing, and then rejected appellant's praecipe for a transcript, without which appellant was forced to proceed out of compliance with Civil Rule 53(D)(3)(b)(iii).

(Capitalization adjusted.)

## III. STANDARD OF REVIEW

{¶ 13} An appellate court generally reviews a trial court's decision to adopt, reject, or modify a magistrate's decision for abuse of discretion. *Lenoir v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 19AP-94, 2020-Ohio-387, ¶ 10. An abuse of discretion occurs when a court's decision is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5

Ohio St.3d 217, 219 (1983). Questions of law are reviewed de novo on appeal. *Lenoir* at ¶ 10. Furthermore, the scope of an appellate court's review of a trial court judgment that adopts a magistrate's decision " 'varies with the nature of the issues that were (1) preserved for review through objections before the trial court and (2) raised on appeal by assignment of error.' " *McCarthy v. Johnson*, 10th Dist. No. 18AP-961, 2020-Ohio-3429, ¶ 10, quoting *In re Guardianship of Schwarzbach*, 10th Dist. No. 16AP-670, 2017-Ohio-7299, ¶ 14; *Lenoir* at ¶ 10.

## IV.    ANALYSIS

{¶ 14} Appellant contends the probate court abused its discretion in overruling appellant's objections to the magistrate's decision and essentially argues a series of events led to appellant being forced to proceed without a transcript out of compliance with Civ.R. 53(D)(3)(b)(iii).[1]

{¶ 15} The Ohio Civil Rules permit a party to file written objections to a magistrate's decision within fourteen days of the filing of the decision. Civ.R. 53(D)(3)(b)(i). Pursuant to Civ.R. 53(D)(3)(b)(iii), "[a]n objection to a factual finding, whether or not specifically designated as a finding of fact under Civ.R. 53(D)(3)(a)(ii), shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that finding or an affidavit of that evidence if a transcript is not available." If one or more objections to a magistrate's decision are timely filed, the court is obligated to independently review the objections to "ascertain that the magistrate has properly determined the factual issues and appropriately applied the law." Civ.R. 53(D)(4)(d). "Before so ruling, the court may hear additional evidence but may refuse to do so unless the objecting party demonstrates that the party could not, with reasonable diligence, have produced that evidence for consideration by the magistrate." Civ.R. 53(D)(4)(d).

{¶ 16} In this case, appellant's assignment of error states the magistrate requested appellant file a memorandum on the finder's fee issue, which appellant did, the trial court judge or magistrate then cancelled the scheduled hearing on the accounts and did not reschedule a new hearing, and the trial court rejected appellant's later praecipe for a transcript. The culmination of these events, in appellant's view, led him to proceed out of compliance with Civ.R. 53(D)(3)(b)(iii) and, ultimately, the trial court overruling his

---

[1] Formerly Civ.R. 53(E)(3).

objections "because they were unsupported by a transcript." (Appellant's Brief at 6.) For the following reasons, we find appellant's assignment of error lacks merit.

{¶ 17} First, we note the confines of the assignment of error. Appellant does not present an assignment of error challenging the trial court's determination that his conduct constituted a waiver of his appearance at the March 4, 2019 hearing, that the hearing constituted a R.C. 2109.32(A) hearing on the account,[2] or that the finder's fee should be removed from the account. We further note appellant never raised or briefed due process as an issue either to the trial court or on appeal. Therefore, these issues are not properly before this court, and we limit our review to the error asserted by appellant. App.R. 12(A)(1)(b) (stating that "a court of appeals shall * * * [d]etermine the appeal on its merits on the assignments of error set forth in the briefs"). *See State v. Hubbard*, 10th Dist. No. 11AP-945, 2013-Ohio-2735, ¶ 34 ("An appellant must support their assignments of error with an argument, which includes citation to legal authority."), citing App.R. 16(A)(7) and App.R. 12(A); *J.W. v. D.W.*, 10th Dist. No. 19AP-52, 2019-Ohio-4018, ¶ 55 (noting that it is not the duty of an appellate court to create an argument on an appellant's behalf); *In re Guardianship of Schwarzbach* at ¶ 14 (explaining that the borders of an appellate court's review of a trial court judgment that adopts a magistrate's decision are set by the nature of the issues preserved for review through objections before the trial court and raised on appeal by assignment of error); *Janson v. Christ Hosp., Inc.*, 1st Dist. No. C-200047, 2021-Ohio-1467, ¶ 33 ("Errors not argued in the brief will be regarded as being abandoned.").

{¶ 18} Second, appellant's assignment of error is based on the newly raised and unsupported assertion that the March 4, 2019 hearing was affirmatively "cancelled" by the court. (Appellant's Brief at iii, 2, 5, 6.) Specifically, appellant contends that he received a call from the magistrate's assistant informing him the magistrate "was out" and the March 4, 2019 hearing would need to be rescheduled (which appellant asserts never occurred). (Appellant's Brief at 2.)

---

[2] Appellant in his objections to the magistrate's decision asserted a hearing pursuant to R.C. 2109.32(A) was never conducted and cited to *In re Estate of Howard*, a Ninth District case that did not involve an administrator who failed to appear at the hearing on an estate account. The trial court addressed this objection and disagreed with appellant's argument. In his appellate brief, appellant does not cite to R.C. 2109.32(A) or mention due process at all, let alone form legally supported arguments on those issues as required by appellate rules. Appellant mentions waiver in the facts section of his appellate brief, but does not provide any legally supported argument to demonstrate error.

{¶ 19} However, appellant did not raise this issue with the trial court even though he was required to state his grounds for objection to the magistrate's decision "with particularity." Civ.R. 53(D)(3)(b)(ii). *See also Niehaus v. Columbus Maennerchor*, 10th Dist. No. 07AP-1024, 2008-Ohio-4067, ¶ 55 ("It is well-settled that a party may not raise an issue on appeal that was not initially raised before the trial court. * * * As this issue was not properly raised in the trial court, we decline to consider it for the first time on appeal."); *State v. Quarterman*, 140 Ohio St.3d 464, 2014-Ohio-4034, ¶ 15.

{¶ 20} Furthermore, appellant's contention in his assignment of error that the March 4, 2019 hearing was cancelled lacks record support. Instead, the record shows the following: appellant had notice of the March 4, 2019 hearing (in fact, he was ordered to appear at the hearing); the magistrate and the trial court judge documented that a hearing on the account did occur; appellant did not appear at a hearing; and, after the magistrate's decision issued, appellant neither requested a hearing nor attempted to submit to the trial court any evidence concerning the alleged lack of hearing. While appellant seems to argue he could not have presented evidence to the trial court showing otherwise, a trial court has broad discretion under Civ.R. 53(D) to consider additional evidence in determining objections to a magistrate's decision. *Rankin v. Rankin*, 10th Dist. No. 20AP-223, 2021-Ohio-1967, ¶ 23, quoting *Maddox v. Maddox*, 1st Dist. No. C-140718, 2016-Ohio-2908, ¶ 14 ("Civ.R. 53(D)(4)(d) gives the trial court broad discretion in deciding whether to hear additional evidence" in considering objections, and the trial court must hear additional evidence when "the objecting party demonstrates that the party could not, with reasonable diligence, have produced that evidence for consideration by the magistrate.") *See Knox v. Knox*, 4th Dist. No. 03CA13, 2004-Ohio-428, ¶ 12 (finding trial court erred in not considering additional evidence relevant to the appellant's lack of notice of a magistrate's hearing since that information could not have been produced at the hearing). We note appellant acknowledged in his objections that the trial court may hear additional evidence in considering objections.

{¶ 21} On this record, appellant had the opportunity to present his claims but failed to appear at the hearing on the account. Nothing in the record shows the hearing was cancelled. Because appellant's assignment of error is against the record, we may overrule it on that basis alone. *Access Ohio, LLC v. Gahanna*, 10th Dist. No. 19AP-64, 2020-Ohio-

2908, ¶ 22 (noting than an appellate court is "constrained by the record" of the appeal); *State v. McComas*, 10th Dist. No. 05AP-134, 2006-Ohio-380, ¶ 15 ("Because an appellate court cannot consider evidence outside of the record created before the trial court, we are precluded from considering [it] * * * Without this evidence, [appellant] has no evidentiary basis on which to assert his argument, and thus, we find it unavailing.") *State v. Angel*, 10th Dist. No. 19AP-771, 2021-Ohio-4322, ¶ 70 (overruling assignment of error where it is based on statements against the record).

{¶ 22} Finally, we disagree that Civ.R. 53(D)(3)(b)(iii) and the "lack of a transcript" was the trial court's "conclusive rationale" for overruling appellant's objections and adopting the magistrate's decision. (Appellant's Brief at 6.) The dispositive issue in this case—whether the magistrate correctly found the finder's fee agreement was not executed by anyone authorized to bind the estate—concerns a legal issue involving undisputed facts supported in the record. The trial court was able to conduct a sufficient independent review of this issue under Civ.R. 53(D)(4)(d) and decide the case based on the court's understanding of the law. Moreover, as an independent basis for overruling appellant's objections, the trial court cited to its exercise of authority under R.C. 2109.32(A) to "make any order the court considers proper" on the fiduciary's account. (Trial Court Jgmt. at 5.) Appellant does not contest on appeal the trial court's determination in this regard and, therefore, concedes this independent basis for the trial court's decision.

{¶ 23} Considering all of the above, we find appellant's assignment of error to be improperly premised on newly raised and unsupported assertions and to lack merit. We further decline to address issues not raised and properly briefed by appellant and find appellant has not demonstrated cause for reversal based on the error assigned and the legal arguments presented.

{¶ 24} Accordingly, appellant's sole assignment of error is overruled.

## V. CONCLUSION

{¶ 25} Having overruled appellant's assignment of error, we affirm the judgment of the Franklin County Court of Common Pleas, Probate Division.

*Judgment affirmed.*

MENTEL, J., concurs.
JAMISON, J., dissents.

_____

Jamison, J., dissenting.

{¶ 26} Being unable to agree with the majority's disposition of the sole assignment of error, I respectfully dissent.

{¶ 27} Appellant's premise is simple. R.C. 2109.32 "requires the probate court to hold a hearing on the final account." *In re Estate of Jenkins,* 8th Dist. No. 107343, 2019-Ohio-2112, ¶ 46. "The administrator has the burden of establishing the validity of an account." *Id.* at ¶ 47; *see also Talbott v. Fisk,* 10th Dist. No. 02AP-427, 2002-Ohio-6960. Appellant contends that the probate court abused its discretion when it disapproved the partial Fiduciary's Account of November 27, 2018, and the final and distributive Fiduciary's Account of December 21, 2018, without a full evidentiary hearing depriving appellant of substantive and procedural due process.

{¶ 28} Appellant filed fiduciary accounts and was ordered to appear in court on March 4, 2019, and present evidence regarding a finder's fee agreement executed by an heir. Prior to the hearing, appellant was requested to submit a memorandum regarding the finder's fee. However, appellant received a telephone call from the magistrate's assistant informing him that the magistrate was out and the March 4, 2019, hearing will be rescheduled. Appellant avers he did not appear at the hearing because of this telephone call, and not because he understood that his appearance was waived with the filing of the memorandum. The hearing was never rescheduled, but apparently was reclassified as a non-oral hearing held on March 4, 2019, with no notice to appellant.

{¶ 29} The plain language of R.C. 2109.32 requires that the court hold a hearing to approve a final and distributive account. Appellant asserts a due process violation because the trial court disapproved the accounts without the required and proper inquiry into the fiduciary's actions. By failing to hold the required hearing, the probate court was not able to comply with its statutory duty to conduct an independent review and fully consider appellant's objections. The court docket reflects that such a hearing was scheduled and noticed for March 4, 2019. What the docket does not reflect is the disposition of that hearing.

{¶ 30} The magistrate's decision introduces waiver in this matter by unilaterally declaring the hearing was waived. The trial court then adopted the speculative position that if the memorandum served as a waiver, then only the requirement that appellant appear

for the hearing was waived, but he still had the right to appear. Therefore, because appellant somehow waived his appearance and did not appear, the court conducted a non-oral hearing on that same day. This premise conveniently ignores how the waiver came about. "A waiver is a voluntary relinquishment of a known right." *Springfield Venture, LLC v. U.S. Bank N.A.,* 2d Dist. No. 2014-CA-74, 2015-Ohio-1983, ¶ 22. "Waiver assumes one has an opportunity to choose between either relinquishing or enforcing of the right. A waiver may be enforced by the person who had a duty to perform and who changed his or her position as a result of the waiver." *Chubb v. Ohio Bur. Of Workers' Comp.,* 81 Ohio St.3d 275, 279 (1998). "A party asserting waiver must prove it by establishing a clear, unequivocal, decisive act by the other party, demonstrating the intent to waive." *William Powell Co. v. OneBeacon Ins. Co.,* 1st Dist. No. C-190199, 2020-Ohio-5325, ¶ 62, citing *Mike McGarry & Sons, Inc. v. Constr. Resources One, LLC,* 6th Dist. No. S-17-005, 2018-Ohio-528, ¶ 103.

{¶ 31} There is no evidence that appellant took any affirmative steps to waive his appearance. Did appellant waive a hearing by filing the memorandum or did the court waive the hearing upon receipt of the memorandum? The relevant code sections do not address waiver, and, of course, the record is silent regarding who waived what and when. If waiver can operate to suddenly cancel a court ordered hearing appellant was prepared to attend, due process mandates that the facts and circumstances of such a waiver must be known to appellant prior to him taking action to unknowingly trigger the waiver. The statute does not have a provision allowing the administrator to waive a hearing after it has been ordered by the court. There is no case law that supports the theory that filing a memorandum waives a final hearing on an account.

{¶ 32} "Courts, pursuant to Civ.R. 53, have the ultimate authority and responsibility over the magistrate's findings and rulings and must make an independent review of the magistrate's rulings to determine any errors." *Kiley v. Davis,* 8th Dist. No. 82233, 2003-Ohio-5074, ¶ 6. If a party timely files one or more objections to a magistrate's decision, the trial court must undertake an independent review of the objections and "ascertain that the magistrate has properly determined the factual issues and appropriately applied the law." Civ.R. 53(D)(4)(d). A party's failure to object to a magistrate's decision forfeits all but plain error review of an issue on appeal. Civ.R. 53(D)(3)(b)(iv). When a party objects to a

magistrate's decision, the objection "shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that finding or an affidavit of that evidence if a transcript is not available." Civ.R. 53(D)(3)(b)(iii). However, when a party objects but does not provide a transcript of the evidence or an affidavit, the review is limited. "Without a transcript of the hearing, a trial court is required to accept all the magistrate's findings of fact as true and only review the legal conclusions drawn from those facts." *Bahgat v. Kissling,* 10th Dist. No. 17AP-641, 2018-Ohio-2317, ¶ 21. Likewise, without a transcript on appeal, "an appellant cannot demonstrate error with respect to factual findings, and thus, the appellate court must presume the regularity of the proceedings and that the facts were correctly interpreted." *Bayview Loan Servicing, L.L.C v. Likely,* 9th Dist. No. 28466, 2017-Ohio-7693, ¶ 12.

{¶ 33} Because the rules provide for the review of transcript, the presumption, therefore, is that there was a hearing where evidence was submitted. The magistrate, in either an evidentiary hearing or a non-oral hearing, has to review some evidence in order to render a decision. Whatever evidence the magistrate reviewed to make a decision regarding the accounts should be included in the transcript. It is a transcript of that evidence used by the magistrate that appellant sought from the court when he filed a praecipe requesting a transcript. In response, the probate court stated that "no separate transcription of oral proceedings must be ordered to enable the court to perform its review." (Nov. 18, 2019 Entry at 1.) Since the trial court has now waived the requirement of the transcript or affidavit but provided no direction on how to proceed, it continues to add to the procedural frailty.

{¶ 34} Appellant did not file a transcript of the evidence because the probate court refused to act upon his praecipe and proclaimed that a transcript is not required for the trial court to perform its review. Therefore, the transcript is "not available." *Gill v. Grafton Corr. Inst.,* 10th Dist. No. 09AP-1019, 2010-Ohio-2977, ¶ 10. Civ.R. 53(D)(3)(b)(iii) allows a party to submit "an affidavit of that evidence if a transcript is not available." An affidavit must "describe all the relevant evidence presented at the hearing, not just the evidence that the objecting party feels is significant." *Levine v. Brown,* 8th Dist. No. 92862, 2009-Ohio-5012, ¶ 18, citing *In re E.B.,* 8th Dist. No. 85035, 2005-Ohio-401, ¶ 11. Here, it appears that because there was no evidence presented at an oral evidentiary hearing to transcribe, as the

statute provides, there also can be no evidence from which to prepare an affidavit. Yet, the probate court continued to place blame on appellant for not providing the transcript or affidavit.

{¶ 35} From a procedural standpoint, the trial court's record only adds to the confusion and makes appellate review a daunting task. It is impossible to determine if the trial court had a complete, factual record to review before it issued a decision or overruled appellant's objections. The lack of a record is disturbing and has been addressed by other courts. In a contempt action, the court did not conduct a scheduled evidentiary hearing, and "only examined the memoranda filed by the parties" prior to making a decision. *Giere's Truck & Trailer v. Ward,* 3rd Dist. No. 10-02-11, 2002-Ohio-6622, ¶ 13. Although one party alleged that the other party "waived any evidentiary hearing and agreed to filing a memorandum in lieu of a hearing, the record does not reflect such waiver. By following this method of procedure, the trial court erred." *Id.* In *Overcasher v. Auto-Owners Ins. Co.,* 5th Dist. No. 1997CA00013, 1997 Ohio App. LEXIS 3960 (Aug. 25, 1997), the trial court scheduled a R.C. 1343.03(C) hearing on an insured's arbitration award but issued an order awarding prejudgment interest without having the evidentiary hearing. The insured averred that the insurer waived the hearing. The insurer filed a praecipe for a transcript but was informed that no record of the proceeding exists, and that, as a result, there was no transcript to be filed. The appellate court found that the trial court erred in failing to conduct the statutorily required hearing because "the record does not reflect that a hearing was held pursuant to R.C. 1343.03(C), and the record does not demonstrate that appellant waived such hearing." *Id.*

{¶ 36} Regardless of whether an objecting party filed a transcript or appropriate substitute, "[i]n ruling on objections, the court shall undertake an independent review as to the objected matters to ascertain that the magistrate has properly determined the factual issues and appropriately applied the law." Civ.R. 53(D)(4)(d). It is impossible to conduct an independent review when there is a fundamental failure in the record.

{¶ 37} The majority adopts a narrow reading of appellant's assignments of error, but appellant's arguments are within the parameters of his assignment of error and properly before this court. "[G]enerally, appellate courts will rule only on assignments of error, not mere arguments," and where the argument correlates to an assignment of error, it is

considered. *Thompson v. Thompson,* 196 Ohio App.3d 764, 2011-Ohio-6286, ¶ 65 (11th Dist.) However, "a reviewing court may, in the interests of justice, review an appealed judgment based on the appellant's arguments." *Marshall v. Marshall,* 10th Dist. No. 20AP-284, 2021-Ohio-2003, ¶ 2, citing *Citimortgage, Inc. v. Asamoah,* 10th Dist. No. 12AP-212, 2012-Ohio-4422, ¶ 6. The appellate court "has the discretion to consider and rule on arguments made in an appellate brief in the absence of an assignment or error." *Wood v. Simmers,* 10th Dist. No. 17AP-269, 2017-Ohio-8718, ¶ 8. Appellant states it was an abuse of discretion for the probate court to cancel and not reschedule a hearing on a final account as a direct result of appellant filing a memorandum, which clearly incorporates the waiver issue and whether the "non-oral" hearing constitutes a R.C. 2109.32(A) hearing. The majority also states that appellant never asserted a due process argument in the trial court or on appeal, but my interpretation of appellant's assignment of error finds a clear inference of lack of due process.

{¶ 38} The record fails to provide any basis to determine how the filing of the memorandum served as a waiver. The record is silent regarding the disposition of the March 4, 2019, hearing. It is notable that the record is completely dark between March 4, 2019, and October 31, 2019, when the magistrate finally issued its decision from the March non-oral hearing. Conspicuously absent from the magistrate's finding of fact is any mention of the court's communication with appellant, including the court's request to submit a memorandum or the telephone call from the magistrate's assistant. The majority describes the telephone call as an unsupported assertion, which it seems also applies to the waiver evidenced in this matter. The lack of any kind of record is an underlying theme in this matter and reinforces remand to make an accurate determination.

{¶ 39} Persuaded by the case law set forth above, I would find that the trial court's failure to conduct an oral hearing and failure to allow a transcript be filed is an unpermitted abuse of discretion and would therefore reverse the judgment and remand to the trial court for an oral evidentiary hearing on the account.